E. J. ALBRECHT CO. v. UNITED STATES.

No. 45578.

Court of Claims.

Nov. 5, 1945.

Hirsch E. Soble, of Chicago, Ill., on the brief), for plaintiff.

Clay R. Apple, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for defendant.

WHALEY, Chief Justice, and LITTLE-TON, WHITAKER, JONES, and MAD-DEN, Judges.

LITTLETON, Judge.

Plaintiff's claim for damages of $5,368.-98 is based upon the contention that under the provisions of the contract of April 26, 1938, relating to relief labor, the defendant impliedly warranted that sufficient qualified relief common labor would be available to provide at least 1,250 man-months, or 133,-750 man-hours of relief common labor on the work covered by the contract, and that it would furnish such amount of relief labor to plaintiff for its use on the work at the minimum wage rate of 45˙ cents an hour and $48.15, or 107 man-hours per month. This contention is based upon par. 15 of the invitation for bids, finding 1 (which did not become a part of the contract), and the specifications, pars. 2-01 and 2-02, finding 5; par. 2-03 (e), finding 6; par. 1-21, finding 13, and par. 2-04, finding 15.

Plaintiff argues that these provisions, particularly par. 2-01, required it to plan its work and the use of its plant so as to provide 1,250 man-months of persons, at least 95 percent of whom were to be obtained from defendant's relief rolls and at least 95 percent of whom were to be paid at the wage rate of 45 cents an hour; that by such provision in par. 2-01, defendant impliedly warranted that an adequate supply of such relief labor would be available for the employment by plaintiff of 1,250 man-months of labor on the job, and impliedly promised that such relief labor in the amount mentioned would be furnished by defendant as thus required; that in submitting its bid and signing the contract plaintiff relied upon such implied warranty and provision, and planned its work accordingly; that defendant breached its contract when it failed to supply and furnish plaintiff a sufficient number of relief common laborers to provide more than 512 man-months of employment, thereby causing a loss to plaintiff of 78,964½ man-hours of relief common labor which it had to make up by employing non-relief labor at 50 cents an hour which resulted in a loss and damage of the 5 cents an hour dif-

George R. Shields, of Washington, D. C. (King & King, of Washington, D. C., and

ference in wage rate amounting to $3,-948.23 and other incidental costs and profit of $1,420.75.

We cannot agree with plaintiff that the provisions of the contract contained an implied warranty by defendant that there would be available sufficient relief labor to provide a total of 1,250 man-months, or 133,750 man-hours, of relief common labor at 45 cents an hour, or impliedly promised that it would furnish plaintiff with that amount of common labor.

The labor provisions above referred to related to skilled, semiskilled, and common labor, but plaintiff elected, as it had a right to do, to obtain all of its skilled and semi-skilled labor from the unions and this left the provision of par. 2–01 of the specification, with reference to the use by plaintiff, if possible, of relief labor to the extent of one-man month of employment for each $100 of the amount of $125,000 emergency relief funds included in the total contract price, applicable only to common labor. As matters turned out, the supply of suitably qualified common labor on the relief rolls was not available for referral so as to provide the 1,250 man-months of employment, and many men that were referred did not report, and many that reported and were employed quit work soon afterwards. However defendant did all that it could, and we think all that it promised or was required to do, in referring to plaintiff for employment all the relief laborers that were available for referral. Plaintiff makes no contention that defendant was careless or negligent, or otherwise at fault, in not referring to it such relief labor as was available. The record is explicit in showing that all relief laborers available were referred.

As we interpret the applicable contract provisions, defendant did not warrant that any particular amount of relief labor would be available; did not impliedly promise to do more than it did, and that its inability to provide by referrals more than 512 man-months of employment of persons from relief rolls was not a breach of its contract.

As has been held by this court in cases involving use of relief labor, plaintiff agreed to plan its work so as to use relief labor to be obtained in the manner specified from the relief rolls and it had the right to insist upon that requirement being modified or waived by defendant if a sufficient amount of such labor could not be obtained by referrals to satisfy the contract requirements as to its use, but there is no breach of contract merely because the supply of relief labor available for referral is not sufficient to meet the needs of the contractor. Par. 2–02 (finding 5) is the standard provision in this regard. See Frazier-Davis Const. Co. v. United States, 100 Ct.Cl. 120. The inability of defendant to supply relief labor by referrals coupled with an unwarranted refusal to modify or relieve the contractor from the requirement to use relief labor constitutes a breach of contract. Young-Fehlhaber Pile Co. v. United States, 90 Ct.Cl. 4; Leo Sanders v. United States, 60 F.Supp. 483.

Plaintiff's contract was a work relief contract only to the extent of $125,000 of the estimated unit price consideration of $1,026,966 thereunder. Therefore, par. 2–01 of the specifications (finding 5) provided that plaintiff should plan his work and use of equipment "so as to provide as uniformly throughout the contract period [550 days] as the status of the work will permit, one man-month of employment in accordance with the following provisions [pars. 2–02, 2–03 (e), and 2–04] for each $100.00 of the [relief] funds available for payment from the Emergency Relief Appropriation Act * * *." We find nothing in this quoted provision sufficient to constitute an implied warranty that an adequate supply of relief common labor would be available to provide 1250 man-months of employment, or to show that defendant impliedly promised to furnish plaintiff with that amount of relief labor. The remaining provision of par. 2–01 and the provisions of par. 2–04 negative, we think, any such warranty or promise. The sentence immediately following the quoted portion of par. 2–01 stated that "If the contracting officer finds that suitably qualified labor from relief rolls is not available to the extent necessary to provide one man-month of employment for each $100.00 of the funds available for payment from the Emergency Relief Act of 1937, this requirement may be modified by the contracting officer to accord with the available supply of suitably qualified labor on relief rolls."

Par. 2–04, supra, also provided as follows:

"*Delays—Damages.*—Any deficiency in the supply of suitably qualified labor to be referred to the work by the United States Employment Service or such other agency

as may be designated by the Federal Works Progress Administrator may constitute a basis for demand for the modification of this contract as provided in Article 9 as being an 'Act of the Government.'"

Throughout performance of the contract plaintiff, as it had a right to do since this was not entirely a W.P.A. or work relief contract, used both relief and nonrelief labor, and on October 24, 1938, the contracting officer, upon finding that an adequate supply of relief labor was not available to supply plaintiff's needs under its requisitions therefor, modified the provisions of par. 2–01 and this modification remained in effect at all times thereafter.

Since different minimum wage rates were specified for relief and nonrelief labor, we think, if the contract had intended that defendant would be required to pay plaintiff the 5 cents an hour difference in such rates in the event there should be a shortage of relief labor an express provision to that effect would have been inserted and not left to implication. The language of the contract as drawn implies very strongly that the defendant would not pay and would not be responsible for such difference in wage rate. Any deficiency in the available supply of relief labor was not to be regarded as a breach of contract by defendant, and any failure of plaintiff, due to that cause, to use a total of 1250 man-months of relief labor on the job, or any delay resulting from such deficiency in relief labor, were not to be regarded as a breach of the contract by plaintiff. The modification of the provision with reference to use by plaintiff of 1250 man-months' employment of relief labor satisfied defendant's obligation with reference thereto.

Plaintiff is not entitled to recover, and the petition is dismissed. It is so ordered.

WHALEY, Chief Justice, and WHITAKER, Judge, concur.

MADDEN and JONES, Judges, took no part in the decision of this case.