LittletoN, Judge,
delivered tne opinion of the court:
Pursuant to defendant’s invitation for bids of October 3,. 1936, on the basis of certain detailed specifications and drawings dated September 30, 1936, and the acceptance of plaintiff’s bid of $141,377, plaintiff and the defendant entered into- and executed the Standard Government Contract for Construction, Form 23, on February 24-, 1937, for the construction by plaintiff of an extension to the building of the Capitol Power Plant to house certain refrigeration machinery and. equipment in connection with the air conditioning systems in. *157 the Capitol, Senate, and Ho'use Office Buildings. Detailed specifications and drawings for the furnishing and installation of the refrigeration and air conditioning apparatus and equipment were issued at the same time as the building specifications, and bids were likewise invited on October 3, 1936, for this work.
Paragraph 30 of the building specifications called the attention of bidders for the construction contract, which was awarded to plaintiff, to the drawings and specifications for installation of the refrigerating machinery and equipment (finding 2). The contract for installation of the air conditioning equipment was awarded to the York Ice Machinery Corporation, and a contract therefor, dated February 24, 1937, was made by defendant with that corporation. In the specifications and bid forms defendant fixed a period of 150 days for completion of the York contract and a period of 160 days for completion by plaintiff of its construction contract. Notices to proceed were given to both contractors on March 17, 1937.
Plaintiff computed its bid price for all work, materials, overhead, etc., on the basis of the period specified by defendant for completion of its contract. However, for the reasons’ set forth in findings 4, 5, and 6, plaintiff was unable, because of delays caused by defendant, to substantially complete the original construction work called for until March 25, 1938; a total delay of 213 days after the contract completion date of August 24, 1937. By reason of this delay in completion of the original contract work, plaintiff incurred and sustained actual increased expenses and damages of $6,781.49 (findings 8 and 9).
On the evidence submitted by both parties we find this delay to have been unreasonable and, therefore, to have constituted a breach by defendant of its contract with plaintiff. Langevin v. United States, 100 C. Cls. 15; Diamond v. United States, 98 C. Cls. 543, 551, 552; Rogers, et al. v. United States, 99 C. Cls. 393, 411; George A. Fuller Co. v. United States, 104 C. Cls. 176.
The extent of the delay to plaintiff’s work has been shown by the evidence not to have been justified by the circumstances and conditions which existed, nor by the authority *158 reserved by defendant in art. 3 of both contracts to make changes. The right to make changes contemplates, as has been consistently held, that they be made as promptly as possible and within a reasonable time without unnecessary and unreasonable delay to the contractor concerned. In the case at bar plaintiff was not delayed by unforeseen or changed conditions nor by acts of an independent contractor, but it was delayed by reason of defendant’s failure to act with reasonable promptness in making decisions and supplying information and material necessary to the orderly and continuous progress of plaintiff’s, work. The pipe-sleeve delay of 19 days from April 1 to April 19,1937; the switchT board room floor slab delay of 127 days from May 19 to September 22, 1937; and the monorail delay to the original contract work which extended from early in May 1937 until the construction work was substantially completed and accepted, were all relatively minor matters, and defendant had had a long period of time from the issuance of the specifications and drawings on September 30, 1938, to decide upon these matters. No proof has been submitted to justify these long delays. Under the terms of its contract and the circumstances disclosed by the evidence, plaintiff had the right to suppose that the necessary information and material concerning the matters mentioned and shown, in the plans and specifications would be supplied within a reasonable time. In each instance plaintiff gave defendant adequate advance notice as to when the information and material concerning the three items mentioned would be needed and necessary to permit the work to continue without delay.
Plaintiff is therefore entitled to recover its increased costs and damages incident to this delay of 213 days which the evidence satisfactorily shows amounted to a total of $6,781.49.
Defendant argues that in any event plaintiff may not recover increased overhead and other expenses and damages incident to delay in performance of the original contract work for a period longer than 146 days, made up of the pipe-sleeve delay of 19 days and the switchboard room floor delay, (in conditionally approving plaintiff’s shop drawing). It is argued that- as the delay with reference to plaintiff’s original contract work in connection with the monorail was *159 concurrent with the other delays of 146 days mentioned and with the 55 days allowed in connection with certain outside extra work ordered by defendant, no increased expenses, by way of damages, for this additional time of 68 days until substantial completion of the original work on March 25, 1938, may be recovered. We think this argument cannot be sustained. .
The proof shows and the contracting officer found that plaintiff was not responsible for any delay, but he concluded, upon plaintiff’s claims, that he was without authority under the contract to allow and pay plaintiff any amount for increased costs and damages due to delay. The proof further conclusively shows that, except for the delays caused by the defendant, the plaintiff - could and would have completed the original contract work, including the outside extra work if it had been ordered in time, within the original period of ICO days, or by August 24, 1937. The outside extra work, in connection with which defendant added 55 days additional to the contract time, did not interfere with or delay the remaining original work which had to be performed during the same period to March 25, because of the delay in connection with the monorail which was never actually completed up to the time defendant accepted the original work as complete on April 11, 1938. ■ Plaintiff, therefore, had to keep its organization as to the original work intact until it was completed, and, by doing so, incurred certain increased costs by reason of this delay for which it was not reimbursed or compensated in the small allowance which was made for only the actual expense of the extra work. The 55 days’ time allowance in connection with the decision under art. 3 as to the amount due for the extra work cannot, in the circumstances, be regarded as compensation for the additional 68-days’ delay for completion of the original work, and it was clearly not so intended by. the contracting officer. Since the contracting officer could not compensate plaintiff for its expenses because of the delay in completion of the original work, and was concerned only with the matter of relieving plaintiff of any charge for liquidated damages, it made no difference to him whether the additional time was allowed in connection with the extra work or in connection with *160 the existing delay in completion of the original work. Except for the delay caused by defendant, the plaintiff would have been through with the original work and would have had its entire force off the job before or by the time the extra work was ordered. In such case the additional time necessary for that work and an allowance of the cost thereof, including such overhead and profit as were applicable thereto, would have met all requirements of the contract. But under the circumstances which existed the ordering of this extra work cannot operate as a means of relieving defendant of the responsibility to compensate plaintiff for the 68-days’ delay in completion of the original work, which delay defendant now seeks to exclude because of the 5 days’ time allowed in the extra work change order.
Unlike the case of Leo Sanders v. United States, No. 45469, 104 C. Cls. 1, there was here no agreement and compromise, when a controversy as to delay existed, in connection with the additional time allowance as a new contract period for completion applicable to all work under the contract. Henry Ericsson Company v. United States, No. 44614, Oct. 1, 1945 (104 C. Cls. 397).
In the case at bar defendant admitted that plaintiff was not at fault for any delay. In the Sanders case neither party admitted at the time that he had caused the delay which had accrued and was accruing, but, at the time of the agreement as to the additional and the new contract period, each party was asserting that the other was responsible for delayed completion of the original work.
We find nothing in the cases of H. E. Crook Co. Inc., v. United States, 270 U. S. 4; United States v. Rice, et al., Receivers for D. C. Engineering Co., Inc., 317 U. S. 61, or in any of the other cases cited by defendant which would under the facts and circumstances of this case preclude plaintiff from recovering its extra costs and damages for the full 213 days’ delay in completion of the work. Rogers, et al., trustees for the stockholders of B. & R. Company, Inc. v. The United States, 99 C. Cls. 393.
The records of the proceedings of defendant’s Board of Contracts and Adjustments (see findings 10-16, inch) which *161 drafted the “Standard Government Form of Contract for Construction,” approved by the President, indicate very clearly that none of the provisions of this contract was intended to preclude recovery by a contractor of increased costs and damages for unreasonable delay caused by the defendant.
Judgment for $6,781.49 will be entered in favor of plaintiff. It is so ordered.
Whitakee, Judge; and Whaley, Chief Justice, concur. Madden, Judge; and Jones, Judge, took no part in the decision of this case.