[S. F. No. 11106.  In Bank.—January 8, 1925.]

CALIFORNIA PRUNE AND APRICOT GROWERS' AS-
SOCIATION (a Corporation), Appellant, v. THE
POMEROY ORCHARD COMPANY (a Corporation),
Respondent.

CALIFORNIA PRUNE AND APRICOT GROWERS'
ASSOCIATION (a Corporation), Plaintiff, v. H. G.
COYKENDALL, Defendant.

CALIFORNIA PRUNE AND APRICOT GROWERS' AS-
SOCIATION (a Corporation), Plaintiff, .v. RUTH G.
WALLACE, Defendant.

[1] APPEAL—MOOT QUESTIONS—DISMISSAL.—In a suit for the specific
enforcement of a contract for the sale by defendant to plaintiff
of all prunes to be produced or acquired by defendant during
certain years, the appellate court will not retain an appeal
from an order denying an application for an injunction *pendente
lite* and dissolving an interim restraining order, for the purpose
of considering the constitutionality of the California Co-operative
Marketing Act, and determining whether, by virtue of the pro-
visions of this act or of the terms of the contract, plaintiff is
entitled to equitable relief, where it is admitted that since the
making of the order the prunes and the land upon which they
were grown have been sold, as the latter court would not be
warranted in directing the trial court to reinstate the temporary
restraining order merely on the possibility that the defendants
may acquire other land and other prunes in the future, and the
other questions should not be determined in an action which has
become moot.

(1) 4 **C. J.**, p. 575, sec. 2383.

APPEAL from an order of the Superior Court of Santa
Clara County denying an injunction *pendente lite* and dis-
solving an interim restraining order.  P. F. Gosbey, Judge.
Appeal dismissed.

The facts are stated in the opinion of the court.

1.  See 2 **Cal. Jur.** 749.

Sapiro, Levy & Hayes and Sapiro & Hayes for Appellant.

Rea & Caldwell for Respondent.

. THE COURT.—Plaintiff appealed in each of the above-entitled cases from an order denying its application for an injunction *pendente lite* and dissolving the interim restraining order theretofore issued. The essential facts are the same in each of the three cases. The action in each case was brought for the specific enforcement of a contract for the sale by defendant to plaintiff of all prunes to be produced or acquired by the defendant during the years 1923 to 1925, inclusive. The temporary injunction was sought to prevent the defendant from selling or disposing to any person other than the plaintiff of the prunes of the 1923 crop then in possession of defendant. At the hearing the several respondents objected to the further consideration of these appeals upon the ground that the same have become moot, and showed in support thereof that all of the defendants have long since sold and disposed of all of the prunes referred to therein and have also sold and conveyed to grantees who are not parties to these actions all of the lands upon which such prunes were produced. It appears also that all of the respondents have filed herein duly executed waivers of all claims for costs or damages arising out of these actions. Appellant urged that the appeals should be retained for the purpose of deciding the question involved therein of the constitutionality of the California Co-operative Marketing Act, and for the purpose of determining whether, by virtue of the provisions of this act, or of the terms of the contract herein, plaintiff is entitled to equitable relief. Counsel for the several respondents stated that his clients, being no longer interested in the result of this litigation, were unwilling to compensate counsel for the preparation of briefs and arguments upon these questions. At the conclusion of the oral argument the chief justice announced from the bench the opinion of the court in effect as follows:

[1] The present appeal in each case is solely from the order dissolving the interim restraining order and denying plaintiff's application for an injunction *pendente lite*. The court is of the opinion that if we should retain this appeal

and arrive at the conclusion that the trial court erred in making the order appealed from, nevertheless, in view of the admitted fact that since the making of the order the prunes which were therein referred to have been sold and disposed of and the land upon which those prunes were grown has likewise been sold and conveyed, we would not be warranted in directing that court to reinstate the temporary restraining order merely on the possibility that these defendants may acquire other land and other prunes in the future. We recognize the importance to the people of the state of California of a decision of the larger questions which are involved in these actions, namely, the question of the validity of the statute upon which plaintiff relies, and the question whether or not by virtue of the statute or of the contract entered into herein the co-operative marketing agency is entitled to the equitable interposition of the courts, but those questions, it seems to us, ought not to be decided in an action which has become moot and upon what will therefore be virtually an *ex parte* presentation of the case.

The order of the court in each of the cases is, therefore, that inasmuch as this appeal has become moot, it is hereby dismissed.

Rehearing denied.

All the Justices concurred.