[Sac. No. 4455. In Bank.—August 31, 1931.]

GENERAL PETROLEUM CORPORATION OF CALIFORNIA (a Corporation), Respondent, v. R. M. BEILBY et al., Appellants.

Hinsdale, Otis & Johnson and T. P. Wittschen for Appellants.

Devlin, Devlin & Deipenbrock, Irving D. Gibson, A. L. Weil and Harris F. Shaw for Respondent.

WASTE, C. J.—Appeal from a judgment permanently enjoining defendants, and each of them, their agents, employees and servants, during the pendency of a lease, from interfering with the leasehold rights of plaintiff in property at the southwest corner of 31st and M Streets in Sacramento used as a gas and oil station and of which the plaintiff is the lessee under a recorded "Advertising and Facilities Lease" entered into with the defendants Beilby & Foster, holding a lease from the owners of the property. The sublease was entered into with the implied consent of the owners and for a period beginning May 28, 1928, and ending June 30, 1935, and thereafter until canceled by ninety days' written notice from either party of intention to terminate. Advertising rights, surface and subsurface rights, and rights to the use of tankage, pumps, containers, pipes and other facilities on said leased premises or thereafter to be installed for the storage, delivery and sale of petroleum products, were exclusively leased to respondent corporation for an agreed rental of five dollars a month and one cent a gallon for each gallon of gasoline sold on the premises during each preceding month. Their immediate lessors, Beilby & Foster, were constituted the agents of the respondent for the sale of its products and were licensed during the period of said lease without charge to the exclusive use of the storage and distributing facilities of said station for the storage, sale and delivery of gasoline or other motor fuel consigned to them by respondent corporation. Said agents, however, were not given a license to all the rights enumerated in the lease to respondent. The agents agreed to diligently advance the sale of respondent's petroleum products, to hold the moneys received therefor, less four cents a gallon allowed commission on the sale of gasoline, as trustee for respondent to be paid over from time to time. The agency agreement was superseded by a duly executed similar agreement executed in March, 1929, but effective as of the date of the former agreement. This agreement provided that, in addition to the four cents a gallon commission the agents should receive an additional one cent a gallon on all gasoline and motor fuel sold in excess of 500 gallons each month.

In April, 1929, Beilby & Foster became dissatisfied with the service of respondent and entered into an arrangement solicited by defendants Growney and Blachly, distributors of "Western" gasoline, by which said Growney and Blachly were to supply them with gasoline, and thereupon Beilby & Foster began to use the leased premises and their advertising, storage and distributing facilities for the sale of the "Western" product, in violation of respondent's leasehold rights in said premises.

The plaintiff thereupon brought suit against Beilby & Foster and said Growney and Blachly, as joint tort-feasors in aiding and abetting the repeated trespasses on their leasehold rights constituting an irreparable and continuing injury for which a remedy at law was inadequate and praying that such trespasses be enjoined. A meritorious *prima facie* case for injunctive relief was pleaded. The defendants Beilby & Foster and Growney and Blachly separately filed amended answers alleging that said lease and agency agreement was in reality but a contract for the sale of respondent's petroleum products and as such was not of equitable cognizance, and upon this contention base an exhaustive argument, and assail the judgment of injunction here appealed from, upon various grounds, one of them being that a new and existing agreement between defendants Beilby & Foster and respondent under which said parties are now operating is, in effect, the same agreement upon which the injunction judgment was based and is not a new agreement.

The facts are that after the judgment of injunction was rendered respondent and appellants Beilby & Foster on December 26, 1929, entered into a new agency agreement similar in form to the original agreement but differing materially therefrom in several particulars, and which by its express terms modified and superseded all former agreements, constituted a novation and an extinguishment of the contracts upon which the judgment of injunction was based, and has now become the agreement of the parties under which they are actually operating.

Upon the appeal being taken the respondent filed a motion to dismiss the appeal on the ground that the questions involved therein had by the entering into of the new agreement between the parties to the action become moot. The

motion was supported by the affidavit of J. F. Walsh, northern California division manager of the respondent corporation, and incorporated copies of the original advertising and facilities lease of May 28, 1928, the agency agreement of May 28, 1928, the agency agreement of March, 1929, substituted therefor, and which documents constitute the basis for the injunction judgment rendered on December 19, 1929. The affidavit also sets forth the new agency agreement of December 26, 1929, which differs materially from the original agreement of May 28, 1928, in that it provides that said agents shall be allowed two cents a gallon on all gasoline or motor fuel sold in excess of 250 gallons each month, and an additional commission of three cents a gallon on all gasoline or motor fuel sold; a new arrangement as to price to cover tank truck delivery in Sacramento instead of price at the nearest bulk delivery plant of respondent, a new method of accounting eliminating the old agreement that proceeds of sales should be held by the agent as trustee and paid over from time to time. The agreement also provides for an amendment of the description of the recorded lease to conform to the correct description of the leased property from the owners to respondent's lessors, Beilby & Foster. Appellants Beilby & Foster filed no counter-affidavits. Appellants Growney and Blachly, who were neither parties to the lease nor to the agency agreements, did, and claimed that the old agreements have not been superseded as far as they are concerned and that they have a right to be heard upon the merits of the appeal.

The motion to dismiss was denied without opinion, this court not being in a position to determine without a more mature consideration whether or not the appeal had really become moot. The court has now examined the record in considering the appeal on its merits and is satisfied that there is no longer any real controversy existing between the respondent and the appellants Beilby & Foster as to any matter upon which the injunction judgment was based and that the appeal therefore has become moot. Authority is ample to the effect that where all differences respecting the subject matter of a controversy are adjusted during the pendency of the appeal, the appeal will be dismissed. (*Nelson* v. *Nelson*, 153 Cal. 204 [94 Pac. 880]; *Bernard* v. *Weaber*, 23 Cal. App. 532 [138 Pac. 941];

*California Prune Assn.* v. *Orchard Co.,* 195 Cal. 264 [232 Pac. 463] ; *Armstrong* v. *Sacramento Valley Ry. Co.,* 179 Cal. 648, 650 [178 Pac. 516].)

█ Counsel for appellants contend, however, that the rights of Growney and Blachly are entirely distinct from those of Beilby & Foster, and since they have in no way changed their position that the appeal should not be dismissed as to them, and assert that the effect of the injunction is to prevent them from selling their wares to Beilby & Foster. From the very nature of the suit, that of irreparable injury resulting from continuing trespasses upon the leasehold rights of respondent, and the injunctive relief awarded, this contention is more fanciful than real and is directly contrary to the findings of the trial court. As we read the judgment of the lower court it merely protects the respondent in such leasehold and property rights as it has lawfully acquired under its lease and enjoins the defendants, Beilby & Foster, their agents, employees and servants, within which category may very properly be included Growney and Blachly, tort-feasors, from further trespassing upon the leasehold and property rights of the respondent. The injunction in no way prevents them from freely conducting a lawful business but does enjoin unlawful trespass upon the leasehold rights of respondent of which rights they had both actual and constructive notice.

In the counter-affidavits filed on behalf of Growney and Blachly upon the motion to dismiss there are no denials of the averments of the affidavit of Mr. Walsh that the new agreements between appellants Beilby & Foster and respondent are now in full force and effect or that the parties thereto are now duly performing all of the terms, conditions and obligations of these new agreements. Under such circumstances, a reversal or affirmance of the judgment would have no legal effect since the facts upon which the injunction judgment was based have no longer any existence in fact.

We conclude therefore that the material questions involved upon this appeal have become moot and that the appeal should be dismissed, and it is so ordered.

Shenk, J., Preston, J., Curtis, J., Langdon, J., and Seawell, J., concurred.