[Civ. No. 3172.   Fourth Dist.   Nov. 30, 1944.]

W. S. RATTRAY, Respondent, v. HUBERT B. SCUDDER, as Real Estate Commissioner, etc., Appellant.

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Appellant.

Mack, Werdel & Bianco for Respondent.

BARNARD, P. J.—This is an action to obtain a writ of mandate directing the defendant to cancel and set aside an order made on April 10, 1944, revoking a license as real estate broker issued to the plaintiff for the license year 1943-1944. It appears that a petition for the writ was filed on April 20, 1944, a hearing was had early in June, and on July 17, 1944, judgment was entered directing the issuance of a writ, and for certain costs and disbursements.

On July 21, 1944, the defendant filed a notice of appeal to this court from the whole of said judgment. On August 14, 1944, the plaintiff moved for an order that the appeal taken should not operate as a stay of execution, and the defendant made a motion to retax certain costs. Both of these motions were denied and on August 21, 1944, the defendant filed notice of appeal from that portion of the order denying his motion to retax the costs.

On September 8, 1944, the plaintiff filed in this court notice of a motion to dismiss "the appeal in said cause" on the grounds (1) that the appellant has failed to take the necessary steps to procure the filing of a record on appeal as required by rule 5 of the Rules on Appeal and (2) that the matters in controversy in this action and on this appeal have become moot. On the same day a clerk's certificate was filed which states, among other things, that no notice to prepare a transcript or notice designating papers, records or exhibits has been filed, and that no proceeding for the preparation of a record is pending in the trial court.

On September 21, 1944, the defendant filed in this court notice of a motion to relieve him from default. In the accompanying affidavit it is alleged, among other things, that the original petition for writ of mandate contained a statement that a transcript of the hearing before the Real Estate Commissioner was filed concurrently therewith; that in fact this

transcript was not filed until May 8, 1944; that it had been previously stipulated that said transcript would be filed as a part of the petition for a writ and that no other evidence would be introduced at the trial; that at the trial the plaintiff introduced this transcript "by reference"; that after appealing from the judgment and from the order refusing to retax the costs counsel for the defendant believed that the record on appeal would be sufficient on the judgment roll alone since this transcript was a part of the pleadings by reference and by stipulation; that appellant was under the belief that the county clerk should transmit the judgment roll as a matter of course and that this transcript was and would be a part of the judgment roll; that counsel then worked assiduously at preparing his brief; that on September 6, 1944, feeling that there was some slight doubt as to whether this transcript was a part of the pleadings in the case the affiant telephoned to the plaintiff's attorney and requested him to stipulate that this transcript be included in the judgment roll; that the attorney for the plaintiff refused to stipulate but finally said "O.K."; that on the same day the affiant prepared a stipulation and sent it to plaintiff's attorney; that on the next day, September 7, 1944, the affiant received through the mail a copy of a notice to dismiss the appeal; that on the next day, September 8, 1944, the affiant received back his stipulation, unexecuted, with a letter of explanation from plaintiff's attorney; that affiant then went to Bakersfield and, believing that the trial judge was the proper party from whom to obtain relief, made an ex parte application and secured an order directing the county clerk to transmit this transcript along with the judgment roll to this court; that affiant believed that in giving prompt and expeditious notice of appeal, both as to the judgment and as to the denial of his motion to retax costs, sufficient notice had been given to the clerk to bring up the judgment roll and this transcript, which included everything that would be needed on an appeal; and that the plaintiff has suffered no damage or loss by reason of the delay since the license revoked by the license commissioner automatically expired on June 30, 1944.

On September 25, 1944, the plaintiff filed an opposition to the motion for relief from default on the grounds that the questions involved in the appeal had become moot and that the affidavit in support of the motion for relief is insufficient.

This was accompanied by the affidavit of plaintiff's attorney stating, among other things, that the transcript of the hearing before the real estate commissioner was not made a part of the petition for a writ of mandate and was not filed until May 8, 1944; that the affiant had not made any stipulation that this transcript should be filed as a part of the petition for writ of mandate or that no other evidence would be introduced at the trial; that this transcript was introduced at the trial as plaintiff's Exhibit 1; that this transcript does not constitute a part of the judgment roll; that the affiant did not on September 6, 1944, or at any other time, agree to stipulate that this transcript could be included as a part of the judgment roll or as a part of the record on this appeal; that on September 7, 1944, affiant received a proposed stipulation from defendant's counsel; that on the same day he returned it with a letter in which he said:

"In our conversation, I did not agree that I would stipulate as to what the record on appeal should encompass. The substance of my conversation with you, as I recall it, was that you file your designation with the Clerk of the Court and that I would stipulate that the transcript of the proceedings before the Commissioner introduced in evidence would not have to be re-typed, but that the original which was filed could be sent to the Appellate Court. I seriously doubt whether you even need this stipulation for the reason that this transcript constitutes an exhibit in the case and can be forwarded without copying pursuant to Rule 5-E."

That this letter was written on September 7, and truly reflects the substance of the conversation between affiant and defendant's counsel which occurred the day before; and that since the license period ordered to be restored by the judgment has expired the questions upon this appeal have become moot and no useful purpose can be served by granting the motion for relief from default.

The motion to dismiss and the motion for relief from default were argued in this court on October 10, 1944, and ordered submitted when all briefs were filed. Although the record on the merits of the case is not before us at this time it is stated in the appellant's brief that respondent's license for the year in question was revoked after a hearing on charges to the effect that the respondent, while acting as an agent for an owner of real estate, had by misrepresentation procured an option to buy the property himself and that he had per-

suaded the owner to reduce the price of the property to $10,-250 net at a time when he had already sold the property to another for $13,500. It is argued by appellant that the questions involved are not moot because the question involved is a matter of public interest; because the judgment if unreversed will preclude the appellant on a matter vital to his rights and the rights and interest of the people of this state; because on a request for a renewal of the respondent's license the appellant, in passing upon the respondent's honesty, will be confined to his other acts and will be precluded from considering the respondent's conduct in the particular matter which was involved in the revocation of his license; because a strict adherence to the rule of "mootness—by lapse—of time" would prevent a passing upon the merits in all such cases where there was a short suspension or where a license was revoked near the end of a license period since, as a practical matter, it would then be impossible to perfect an appeal before the expiration date of the license; and because this appeal involves also the question of costs, not the costs on appeal but costs awarded in the trial court, being the cost of the preparation of the transcript of the hearing before the real estate commissioner which was introduced in evidence. The appellant also argues that he should be here relieved from his default for the reasons above mentioned, because he acted promptly upon learning of the respondent's unwillingness to stipulate concerning the matter of the transcript and its inclusion in the judgment roll, and because the granting of relief from default will not injure the respondent whereas a denial of that relief will have a disastrous effect upon the rights of the people of this state.

In his briefs the respondent argues that the questions in the case are moot since his license for the year in question has expired, that option transactions are not within the purview of the Real Estate Act, that the right of a broker to procure and take an option and to deal with the property as his own has long been recognized in this state, and that no question of public interest is involved which has not been settled.

Apparently, this is a case where the appeal should not be dismissed if that action can be avoided. In any event, it should not be dismissed as moot, which is the ground most strongly urged. The continuing value of the judgment to the respondent is indicated by his strenuous efforts to keep it in force,

and by his attempt on August 14, 1944, to get an order preventing this appeal from operating as a stay of execution, although the particular license had already expired. As a practical matter this judgment, if allowed to stand, will have a direct bearing and real effect upon any renewal of the respondent's license, and a question of costs is presented which differs materially from the usual question of costs on appeal. Moreover, important public questions are involved both directly, with respect to this judgment, and indirectly, through the effect on future appeals in such cases which could not be determined before the license in question had expired.

With respect to the question as to whether the transcript of the hearing before the Real Estate Commissioner should be a part of the judgment roll, the situation is somewhat uncertain. While there may be some justification for the appellant's belief that this transcript was intended to be a part of the pleading, and while he thought there was a stipulation that it be so considered, there is no satisfactory evidence in the record to that effect, and no attempt was made to comply with rule 5, even as to the judgment roll.

The controlling question here is whether any good cause appears for relieving the appellant from his default in failing to serve and file any notice calling for the preparation of a record. Rule 53(b) provides that a reviewing court may, for good cause, grant relief from any default through failure to comply with the new rules, except for the failure to give timely notice of appeal. The failure to give the notice here in question is not one with respect to a jurisdictional matter. (*Averill* v. *Lincoln*, 24 Cal.2d 761 [151 P.2d 119].) The fact that all of the matters material here took place within the period of time during which an extension of time could have been granted by the trial court, if properly applied for, (rule 45(b)) indicates that the delay which appears has not been, on its face, beyond reason.

While no extension of time was sought, other things occurred which should be taken into consideration. Each side made motions in the trial court and a separate appeal was taken on August 21st. The appellant was under the impression that some sort of stipulation existed with respect to what was to constitute the record. Whatever the facts in this regard, while matters were in this state, the respective counsel had a telephone conversation on September 6th. While there is some dispute as to what was then said, counsel for respond-

ent here admits that his letter written on September 7th, correctly gives the substance thereof. In that letter he stated that what he had said in that conversation (in which he was asked for a stipulation relating to the record) was "that you file your designation with the Clerk of the Court and that I would stipulate that (the other transcript) would not have to be retyped, but that the original which was filed could be sent to the Appellate Court." This was a clear consent that a designation of the things desired in the record could then be made, and an agreement that the other transcript, the subject of dispute, could be included as a part of the record, in its original form.

On the same day that letter was written the appellant's counsel received a copy of the notice of motion to dismiss the appeal, and the original notice was filed in this court the next day. In all fairness, the respondent should not be allowed to immediately renounce his agreement of September 6th, confirmed in writing on September 7th, and to then take advantage of the prior default. In a very real sense he had agreed to the preparation of a record after that time, and he should be held to have waived the prior default in that respect.

Whether or not the rules contemplate that the parties may extend the time for giving such a notice by stipulation, or agree to waive an existing default in that regard, the fact that they have done so is still a matter to be considered in passing upon the rights of the parties, especially where there has been an immediate repudiation of the agreement or waiver by the party who is seeking final action in his favor, because of a technical defect in the proceeding. And the existence of such facts should be a sufficient showing of good cause, within the meaning of rule 53(b), to support an order for relief to the other party, for which timely application has been made. Under the circumstances here appearing, we hold that good cause appears for granting relief to the appellant.

The respondent's motion to dismiss the appeal is denied. The appellant's motion for relief from default is granted, and he is given ten days from the time this decision becomes final, within which to serve and file proper notices for the preparation of a record on appeal.

Marks, J., and Griffin, J., concurred.