[Sac. No. 7279.  In Bank.  May 29, 1961.]

DI GIORGIO FRUIT CORPORATION (a Corporation), Respondent, v. DEPARTMENT OF EMPLOYMENT OF THE STATE OF CALIFORNIA et al., Defendants and Appellants.

[Sac. No. 7283.  In Bank.  May 29, 1961.]

THOMAS C. BOWERS, Respondent, v. DEPARTMENT OF EMPLOYMENT OF THE STATE OF CALIFORNIA et al., Defendants and Appellants; AGRICULTURAL WORKERS ORGANIZING COMMITTEE, AFL-CIO (an Unincorporated Association), Intervener and Appellant; ARTHUR J. GOLDBERG, as Secretary of Labor, United States Department of Labor, Movant and Appellant.

Stanley Mosk, Attorney General, B. Abbott Goldberg and Charles A. Barrett, Assistant Attorneys General, Walter J. Wiesner, Deputy Attorney General, and Maurice P. McCaffery, Chief Counsel, Department of Employment, for Defendants and Appellants.

Simonelli and Fransen and Nels B. Fransen for Intervener and Appellant.

Laurence E. Dayton, United States Attorney, Charles Elmer Collett, Assistant United States Attorney, Kenneth C. Robertson, Regional Attorney, and Altero D'Agostini, Attorney, United States Department of Labor, for Movant and Appellant.

Laurence E. Dayton, United States Attorney, Charles Elmer Collett, Assistant United States Attorney, Kenneth C. Robertson, Regional Attorney, and Altero D'Agostini, Attorney, United States Department of Labor, as Amici Curiae on behalf of Defendants and Appellants in No. 7279.

Marion B. Plant, Brobeck, Phleger & Harrison, Rich, Fuidge, Dawson & Marsh, Rich, Fuidge & Dawson, McCutchen, Doyle, Brown & Enersen, Raymond A. Leonard, Hewitt & McBride and Loyd W. McCormick for Respondents.

Charles A. Rummell, Gerald H. Trautman and Gerald D. Marcus as Amici Curiae on behalf of Respondent in No. 7283.

TRAYNOR, J.—Petitioners, Di Giorgio Fruit Corporation and Thomas C. Bowers, brought separate actions for writs of mandate to compel respondents, the Department of Employment of the State of California and its director and employees, to refer agricultural workers to petitioners' fruit ranches during the harvest season in 1960. A strike called by the Agricultural Workers Organizing Committee, AFL-CIO, was in progress at each ranch. Pursuant to a regulation of the United States Secretary of Labor[1] issued under the Wagner-Peyser Act (48 Stat. 113 (1933) as amended, 29 U.S.C.A. §§ 49-49n (1956)) the department refused to refer workers to petitioners for employment. ■ The Wagner-Peyser Act, which has been accepted by this state (Unemp. Ins. Code, §§ 2051, 2052), governs the operation of the state employment service. In the Bowers case the trial court permitted the organizing committee to intervene on the side of the department. It refused, however, to permit the Secretary of Labor to intervene in support of his regulation. In each case the trial court concluded that the regulation was invalid and entered judgment directing that a writ of mandate issue. The department and the individual respondents have appealed from the judgment in each case, and the organizing committee has appealed from the judgment in the Bowers case. The Secretary of Labor has appealed from the order denying his petition for leave to intervene in the Bowers case.

■ The Secretary of Labor contends that his interest in the validity of his regulation is sufficient to support inter-

---

[1] *"Referrals in labor dispute situations.* No person shall be referred to a position the filling of which will aid directly or indirectly in filling a job which (1) is vacant because the former occupant is on strike or is being locked out in the course of a labor dispute, or (2) the filling of which is an issue in a labor dispute. With respect to positions not covered by subparagraph (1) or (2) of this paragraph, any individual may be referred to a place of employment in which a labor dispute exists, provided he is given written notice of such dispute prior to or at the time of his referral.'' (20 C.F.R., § 602.2(b) (Supp. 1960). See also 20 C.F.R., § 604.1(i) (Supp. 1960).)

vention (see *County of San Bernardino* v. *Harsh Calif. Corp.*, 52 Cal.2d 341, 345-346 [340 P.2d 617]), and that therefore the trial court erred in denying leave to intervene. Bowers contends that the Secretary's intervention would have delayed the action and that the need for a prompt decision in the trial court during the harvest season justified denial of the Secretary's petition. The validity of the regulation presents only a question of law on which the Secretary has been fully heard on these appeals. Since we have now determined that question and since any prejudice the Secretary may have suffered from not being allowed to be heard in the trial court cannot be undone, no purpose would be served by determining whether the trial court erred in denying him leave to intervene. Accordingly, his appeal will be dismissed.

Di Giorgio has moved to dismiss the appeal taken from the judgment in its favor on the ground that it is moot. It points out that the harvest season is now over and contends that the writ of mandate is therefore no longer operative. Although there has been no motion in the Bowers case to dismiss the appeals, it would follow that they should be dismissed if Di Giorgio's motion to dismiss is well-taken.

We have concluded that the appeals from the judgments should not be dismissed as moot. Even if the writs of mandate were operative only during the harvest season of 1960, the appeals present a question of continuing importance in the administration of the employment service. The very shortness of harvest seasons would preclude appellate review in mandate proceedings if the end of each season were treated as rendering the appeals moot. These are not cases in which the parties are no longer interested in the legal issue involved (see *California Prune & Apricot Growers' Assn.* v. *Pomeroy Orchard Co.*, 195 Cal. 264, 265-266 [232 P. 463]), and Di Giorgio's suggestion that the issue could be determined in a declaratory relief action demonstrates that there is a continuing controversy ripe for decision. No purpose but delay would be served by dismissing the appeals, and the public interest both in the operation of the employment service and in the orderly administration of justice compels a determination now of the validity of the Secretary's regulation. (See *In re Newbern*, 55 Cal.2d 500, 505 [11 Cal.Rptr. 547, 360 P.2d 43]; *Almassy* v. *Los Angeles County Civil Service Com.*, 34 Cal.2d 387, 390 [210 P.2d 503]; *Kirstowsky* v. *Superior Court*, 143 Cal.App.2d 745, 749 [300 P.2d 163]; *Terry* v. *Civil Service Commission*, 108 Cal.App.2d 861, 872 [240

P.2d 691]; *Rattray* v. *Scudder,* 67 Cal.App.2d 123, 127-128 [153 P.2d 433].)

The Wagner-Peyser Act, enacted in 1933 (48 Stat. 113), created the United States Employment Service to promote the establishment and maintenance of a national system of public employment offices. It is the duty of the Employment Service to assist in establishing and maintaining systems of public employment offices in the several states and to assist in coordinating such offices throughout the United States. The act provides for grants of federal funds to states that wish to receive its benefits by operating their own employment offices in cooperation with the United States Employment Service. States wishing to receive such funds must submit plans of operation to the Secretary of Labor, and he is authorized to certify to the Secretary of the Treasury for payment necessary operating funds to each state that has an approved unemployment compensation law in compliance with the act. Section 9 provides that it shall be the duty of the Secretary of Labor to ascertain whether the system of public employment offices maintained in each state is conducted in accordance with the rules and regulations and the standards of efficiency prescribed by him under the act. Section 11(a) provides for the establishment of a "Federal Advisory Council composed of men and women representing employers and employees in equal numbers and the public for the purpose of formulating policies and discussing problems relating to employment and insuring impartiality, neutrality, and freedom from political influence in the solution of such problems." (29 U.S.C.A. § 49j(a) (1956).) It also provides for the establishment of similar state advisory councils. Section 11(b) provides that "In carrying out the provision of" the act "the Secretary is authorized and directed to provide for the giving of notice of strikes or lockouts to applicants before they are referred to employment" (29 U.S.C.A. § 49j(b) (1956)), and section 12 provides that "The Secretary of Labor is authorized to make such rules and regulations as may be necessary to carry out the provisions of" the act. (29 U.S.C.A. § 49k (1956).) Pursuant to this authority the Secretary adopted the regulation challenged in these cases providing that "No person shall be referred to a position the filling of which will aid directly or indirectly in filling a job which (1) is vacant because the former occupant is on strike or is being locked out in the course of a labor dispute, or (2) the

filling of which is an issue in a labor dispute." (20 C.F.R. § 602.2(b) (Supp. 1960).)

The operation of an efficient employment service obviously requires the formulation of reasonable referral standards so that prospective employees may be referred to jobs for which they are suited and which are suitable to them. Under section 12 it is for the Secretary to provide such standards. In doing so, he does not regulate the conditions of employment or determine the qualifications of employees, but he necessarily determines the conditions on which employers or employees may receive the benefits of the publicly-supported employment service. Thus, although he may not prevent an employer from hiring an employee unsuited to a job, he may provide that no referral shall be made in such a case. Similarly, although he may not regulate working conditions or wages, he may provide that no referrals shall be made to employers who maintain unsafe or unsanitary places of employment or pay substandard wages. (See 41 Ops. U.S. Atty. Gen. No. 74 (1959).) Section 12 likewise authorizes the Secretary to determine how the policy of neutrality stated in section 11(a) can best be served. He might determine to withhold the services of the public employment offices in cases of strikes or lockouts and leave it to employers to secure employees through other channels, he might determine to continue referrals and leave it to the individual employees to decide whether to accept or reject jobs where a labor dispute existed, or he might adopt some intermediate position. (See *Virginia Electric etc. Co.* v. *National Labor Relations Board,* 319 U.S. 533, 539-540 [63 S.Ct. 1214, 87 L.Ed. 1568]; *Fahey* v. *Mallonee,* 332 U.S. 245, 249-250 [67 S.Ct. 1552, 91 L.Ed. 2030]; *Carlson* v. *Landon,* 342 U.S. 524, 542-543 [72 S.Ct. 525, 96 L.Ed. 547]; *American P. & L. Co.* v. *Securities & E. Com.,* 329 U.S. 90, 104-105, 112 [67 S.Ct. 133, 91 L.Ed. 103]; *American Trucking Assns.* v. *United States,* 344 U.S. 298, 310-311 [73 S.Ct. 307, 97 L.Ed. 337]; 1 Davis, Administrative Law Treatise, § 5.03, p. 302.)

Petitioners contend, however, that by authorizing and directing the Secretary "to provide for the giving of notice of strikes or lockouts to applicants before they are referred to employment" (§ 11(b)) Congress defined the full extent of the Secretary's rule-making power with respect to referrals in the event of labor disputes. We cannot agree with this contention. Section 11(b) does not provide that the Secretary must authorize referrals when there are strikes

or lockouts. It provides only that notice must be given before referrals are made, and only to this extent does it restrict the rule-making power granted by section 12. (See *American Trucking Assns.* v. *United States,* 344 U.S. 298, 316 [73 S.Ct. 307, 97 L.Ed. 337]; *National Broadcasting Co.* v. *United States,* 319 U.S. 190, 222-223 [63 S.Ct. 997, 87 L.Ed. 1344]; *Springer* v. *Philippine Islands,* 277 U.S. 189, 206-207 [48 S.Ct. 480, 72 L.Ed. 845]; *Neuberger* v. *Commissioner,* 311 U.S. 83, 88 [61 S.Ct. 97, 85 L.Ed. 58].) ▮ The Secretary and his predecessors have consistently interpreted the act as authorizing regulations with respect to referrals in the event of labor disputes in addition to the minimum notice requirement of section 11(b). The challenged regulation or regulations similar to it have been in effect since 1939 (see 4 Fed. Reg. 2464 (1939));[2] even as early as 1934 a regulation was adopted substantially restricting the referral services that would be provided by employment offices in the event of strikes or lockouts. (United States Department of Labor, United States Employment Service, Bulletin Number 2, Procedure for Giving Effect to the provisions of the Wagner-Peyser Act regarding Strikes or Lockouts, September 15, 1934;[3] see also *Sanders* v. *United States,* 60 F.Supp. 483, 491.) Consistent administrative construction of a statute over many years, particularly when it originated with those charged with putting the statutory machinery into effect, is

---

[2] "Sec. 21.12. *Referrals in Labor Disputes.* Unless otherwise provided by State law, the State Service shall require that each employment office under its supervision refrain from referring any person to any position at any place of employment where there exists a labor dispute. For the purpose of this rule, the term 'labor dispute' shall include any controversy concerning terms or conditions of employment or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment regardless of whether or not the disputants stand in the proximate relation of employer and employee."

[3] This regulation provided in part:

"An opening involving a strike or lockout may be brought to the attention of any applicant who calls voluntarily in person at an office of a State employment service or of the National Reemployment Service.

"*Applicants previously registered at an employment office shall not be requested by mail, telephone, telegraph, or other means of notification to call at the employment office for an interview concerning a position involving a strike or lockout.*

"An applicant shall not, under any circumstances, be referred to a position involving a strike or lockout until he has been notified verbally and in writing of the existence and nature of the dispute. The applicant shall be required to sign acknowledgment of the written notification before he is referred." (Italics added.)

entitled to great weight and will not be overturned unless clearly erroneous. (*Federal Trade Com.* v. *Mandel Brothers,* 359 U.S. 385, 391 [79 S.Ct. 818, 3 L.Ed.2d 893]; *United States* v. *American Trucking Assns.,* 310 U.S. 534, 549 [60 S.Ct. 1059, 84 L.Ed. 1345]; *United States* v. *Leslie Salt Co.,* 350 U.S. 383, 396 [76 S.Ct. 416, 100 L.Ed. 441]; *Great Northern Ry. Co.* v. *United States,* 315 U.S. 262, 275-276 [62 S.Ct. 529, 86 L.Ed. 836]; *Norwegian Nitrogen Co.* v. *United States,* 288 U.S. 294, 315 [53 S.Ct. 350, 77 L.Ed. 796]; *Mazer* v. *Stein,* 347 U.S. 201, 213 [74 S.Ct. 460, 98 L.Ed. 630]; see 1 Davis, Administrative Law Treatise, § 5.06, p. 324.) We cannot say that the Secretary or his predecessors erred in determining the scope of their rule-making power under the act or that the regulation challenged by petitioners is invalid. (See *Ottinger* v. *United States,* 123 Ct. Cl. 23, 45-46, 106 F. Supp. 198, 202-203; 41 Ops. U.S. Atty. Gen. No. 74 (1959).)

The appeal from the order denying leave to intervene is dismissed. The motion to dismiss the appeal from the judgment in the Di Giorgio case is denied. The judgments are reversed. Each party shall bear its own costs on the appeal from the order denying leave to intervene. Appellants shall recover their costs on the appeals from the judgments.

Gibson, C. J., Peters, J., White, J., and Dooling, J., concurred.

McCOMB, J.—I dissent. I would dismiss the appeals, as the issues which were before the trial court are now moot.

Schauer, J., concurred.

The petition of respondent Thomas C. Bowers for a rehearing was denied June 21, 1961. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.