[Civ. No. 28354.   Second Dist., Div. Four.   Jan. 3, 1966.]

SAMUEL WILLIAM YORTY, as Mayor, etc., Petitioner and Appellant, v. THE LOS ANGELES CITY COUNCIL, Defendant and Respondent.

Albert J. Forn and Phill Silver for Petitioner and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones and Weldon L. Weber, Assistant City Attorneys, and John F. Feldmeier, Deputy City Attorney, for Defendant and Respondent.

JEFFERSON, J.—Petitioner, the Mayor of the City of Los Angeles, sought a peremptory writ of mandate compelling respondent, the City Council of Los Angeles, to provide sufficient funds for the fiscal year 1963-1964 to cover the salaries of all personnel authorized in the office of petitioner by Ordi-

nance Number 124,766; in the alternative, petitioner asked that the court declare that respondent was dutybound to provide funds to pay these salaries. The court below denied the petition for a peremptory writ of mandate and sustained a demurrer to each count alleged, without leave to amend, the court having determined that petitioner was not entitled to declaratory relief. This is an appeal from the judgment.

The bone of contention surrounding the present action is that, over the mayor's veto, the city council adopted a budget for the now passed fiscal year 1963-1964 which did not allow the mayor sufficient funds to pay the salaries of all personnel previously authorized for his office in Ordinance No. 124,766. Funds totaling $286,491 were requested by the mayor to pay the salaries of his staff. However, $63,600 was trimmed from this amount in the budget finally passed by the city council, leaving a balance of $222,891.

The petition alleges, as a first cause of action, that the city council, by Ordinance No. 124,766, created and authorized 26 regular positions and five substitute positions in the office of the petitioner; the budget for the fiscal year 1963-1964, however, provided funds sufficient to pay the salaries for only 22 of these positions; the city council's action in refusing to appropriate the additional funds was arbitrary and capricious and motivated by a desire to punish and oppress the mayor; because of respondent's refusal, petitioner is unable to carry out the work of the office of the mayor.

In the alternative, petitioner alleges as a second cause of action, that a controversy exists respecting the rights and duties of the parties under the city charter concerning the requirement to provide funds for the operation of the office of the mayor. Petitioner takes the view that the charter imposes upon the city council a duty to provide sufficient sums for the payment of reasonable salaries for all positions on the mayor's staff established by the council. Ordinance No. 124,766, it is alleged, was a legislative determination that all positions created and authorized under that ordinance are necessary to the proper functioning of the office of the mayor; that it could not be rescinded merely by the council's refusal to provide the required funds. Respondent, on the other hand, the petition alleges, takes the position that the enactment is not a legislative determination as to the necessity of the positions it authorizes; that, in any event, the failure to allocate funds for these positions constituted a legislative rescission of any previous determination in that

regard. Petitioner asks the court to declare that the city council was dutybound to provide sufficient funds to pay the salaries of all positions authorized by Ordinance No. 124,766.

It is now too late to mandate the city council to provide additional funds for the fiscal year 1963-1964. Thus the action is moot insofar as it seeks such relief. Also moot are the controversies which the petitioner has attempted to allege with respect to the sufficiency of the 1963-1964 budget under the requirements of the charter, and the alleged motives of the members of the council in adopting that budget. The dismissal of the first cause of action of the complaint must therefore be affirmed. (See *Consolidated etc. Corp.* v. *United Auto etc. Workers,* 27 Cal.2d 859, 863 [167 P.2d 725].)

But the second cause of action of the complaint sets forth another controversy with respect to the interpretation of an ordinance. Petitioner contends that Ordinance 124,766 is a legislative determination of the necessity for 26 regular positions and five substitute positions in the mayor's office, which determination cannot be rescinded by the council's refusal to provide the funds therefor. Respondent contends (so the complaint alleges) that its refusal to budget the funds for any of these positions was a legislative rescission of its previous determination.

So far as the record shows, Ordinance 124,766 is still in force, and the difference of opinion as to its legal effect still exists, even though the council may be currently providing sufficient funds to fill all of the positions. This cause of action for declaratory relief is not moot. Petitioner was and is entitled to a determination by a court. (*DiGiorgio Fruit Corp.* v. *Department of Employment,* 56 Cal.2d 54, 58 [13 Cal.Rptr. 663, 362 P.2d 487]; *Almassy* v. *Los Angeles County Civil Service Com.,* 34 Cal.2d 387, 390 [210 P.2d 503].)

In the trial court counsel stipulated that the court might consider the text of Ordinance 124,766. It was unnecessary for the trial court to look further to resolve the controversy, which was purely one of law. The ordinance itself provides: "Sec. 4. The personnel authority contained in this ordinance shall be limited by the amount of money available on the records of the Controller for the payment of salaries and wages in the appropriate departmental account." Under article XXVIII of the Los Angeles City Charter the "money

available on the records of the Controller" is determined by the budget adopted by the council. By this language in section 4 of Ordinance 124,766 the council reserved to itself the power to redetermine, when it made its annual appropriation, whether some or all of the positions should be filled in a given year. Thus the face of the ordinance establishes that respondent's interpretation of it is correct.

The record on appeal shows that the trial court made extensive findings of fact, in the course of which it declared that the ordinance authorized the 26 regular and five substitute positions subject to the provision contained in section 4 of the ordinance. But the court also made conclusions of law which contain the statement "That petitioner is not entitled to a declaration of rights."

The judgment provides, with respect to the claim for declaratory relief: "That Petitioner is not entitled to the declaration in his favor which he seeks, and his action for declaratory relief, therefore, be and is hereby dismissed."

█ Petitioner is entitled to a declaration of rights even though the declaration must be adverse to his contention. Here there is such a declaration in the document called "FINDINGS OF FACT," but none in the judgment. █ Inasmuch as the case was heard and decided upon the pleadings and a stipulation, no issue of fact was decided, and the so-called findings of fact are superfluous. (Code Civ. Proc., § 632; 2 Witkin, Cal. Procedure (1954) p. 1834.) █ Since the trial court correctly interpreted Ordinance 124,766 it is only necessary to modify the judgment by inserting the appropriate declaration. (*Essick* v. *City of Los Angeles,* 34 Cal.2d 614, 624-625 [213 P.2d 492].)

Accordingly the judgment is modified by striking therefrom the words reading "That Petitioner is not entitled to the declaration in his favor which he seeks, and his action for declaratory relief, therefore, be and is hereby dismissed" and inserting in lieu thereof the words: "By Ordinance No. 124,766 the Los Angeles City Council made no determination that the positions referred to therein were necessary or required for the functioning of plaintiff's office except to the extent that it made funds available for the employment of persons in said positions."

As so modified the judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.