[No. B138616. Second Dist., Div. Four. July 27, 2000.]

JEFFREY K. WINIKOW, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
KATHLEEN SCHROEDER et al., Real Parties in Interest.

COUNSEL

Jeffrey K. Winikow, in pro. per., for Petitioner.

Frederick R. Bennett for Respondent.

No appearance for Real Parties in Interest.

OPINION

**HASTINGS, Acting P. J.**—We granted an alternative writ to review a sanction order of $150 issued against counsel for failing to "properly" serve notice of a status conference hearing on a named but not yet appearing defendant. We conclude that the trial court abused its discretion in imposing the sanctions and we grant a writ of mandate.

### STATEMENT OF FACTS

Petitioner is attorney Jeffrey K. Winikow, counsel of record for plaintiff Kathleen Schroeder. On September 3, 1999, petitioner filed a complaint alleging wrongful termination on behalf of Ms. Schroeder and against Haight, Brown, & Bonesteel, LLP (Haight, Brown) and Does 1 through 10. The complaint alleged that a claim had been filed with the California Department of Fair Employment and Housing but that plaintiff had not yet received her "Right to Sue notice. Accordingly, at this time Plaintiff alleges only claims brought under California common law, and will amend the Complaint to allege statutory violations of the Fair Employment and Housing Act [FEHA] once all administrative remedies have been exhausted."

On October 7, 1999, respondent served upon petitioner a "NOTICE OF STATUS CONFERENCE" scheduled for hearing on December 3, 1999. The notice directed that "ALL PARTIES OF RECORD SHALL COMPLETE, in its entirety, a STATUS CONFERENCE QUESTIONNAIRE AND SERVE AND FILE IT DIRECTLY IN DEPARTMENT Dept. 41 at least **five** court days prior to the above date." The notice also contained the following: "Counsel for plaintiff or plaintiff in pro per is ordered to give notice of the aforesaid notice of hearing to all counsel *of record or parties in pro per* forthwith." (Italics added.)

Petitioner filed a first amended complaint on behalf of Ms. Schroeder on November 12, 1999.

On November 29, 1999, petitioner filed a status conference questionnaire on behalf of Ms. Schroeder. The questionnaire advised the court as follows:

"Plaintiff had to amend the complaint once administrative remedies were exhausted. The original complaint was not served, and the amended complaint will be served prior to the status conference."

Haight, Brown was served with summons and the first amended complaint on December 1, 1999.

No appearance was made on behalf of Haight, Brown at the status conference. Two orders to show cause were issued by respondent for hearing at 8:30 a.m. on January 20, 2000. The first gave notice that "[a]ll parties and counsel herein must appear in Department 41 [at that time and date] to show cause why (a) this case should not be dismissed in whole or in part; (b) the pleadings of Plaintiff should not be stricken and default and/or judgment be awarded to the adverse parties; and/or (c) Plaintiff and counsel therefor should not be sanctioned, *for failure to give notice of hearing of 12-3-99.*" (Italics added.) The second notice was based upon "failure to serve summons and complaint timely and failure to prove such service timely pursuant to Gov. C. 68616(a), Gov. C. 68608(b), and Local Rule 7.7(a)."

Petitioner filed a response to respondent's orders to show cause, which was supported by his own declaration. Attached to his declaration is a copy of a proof of service by mail on November 23, 1999, of notice of the status conference to be heard on December 3, 1999. Also attached is a copy of a letter dated November 23, 1999, sent by facsimile and mail to William Sayers, of Haight, Brown referencing "Kathi Schroeder v. Haight Brown & Bonesteel." The letter states: "My files do not show a proof of service for the Notice of Status Conference, which is set for December 3, 1999. I cannot recall whether I served the Notice, but I accept full responsibility if you tell me that I have not. If you, or the firm's attorneys, have not calendared the December 3rd date, and if that date is inconvenient, please let me know and I will stipulate to a continuance. [¶] Just so you know, we have filed an amended complaint (alleging FEHA claims), which will be served within a week. If you will agree to just accept service, please let me know." Also attached to petitioner's declaration is a copy of a "RETURN OF SUMMONS; PROOF OF SERVICE" which demonstrated that Haight, Brown was served with summons and the first amended complaint on December 1, 1999.[1] Additionally, petitioner's declaration states: "3. In the Court's initial order setting the Status Conference, I understood my obligations to furnish notice to the defendants. I did not understand that notice had to be furnished with the type of formalism required for serving process. Upon review, the Court's order

---

[1] Exhibits to the petition include a copy of an answer on behalf of Haight, Brown which is dated December 29, 1999, to which is attached a proof of service on petitioner on December 30, 1999. We presume that the answer was filed the same day it was served on petitioner.

requiring Plaintiff to give notice of the Status Conference is somewhat ambiguous and could be subject to different interpretations, each of which is reasonable. I understood that 'notice' required actual notice, which I sent via mail as is my usual and customary practice for furnishing notice to a defendant. I have never equated 'notice' with formal 'service' requirements, although I do send out written notices of events so I can have a paper record of the actual notice sent. (I do not know whether I am actually required to give written notice when required to give 'notice')."

On January 20, 2000, counsel for Haight, Brown appeared, as did petitioner on behalf of Ms. Schroeder. After preliminary issues were discussed, the court asked petitioner to address his failure to serve Haight, Brown with notice of the status conference and the following exchange occurred:

"[PETITIONER]: Addressing the court's point to that, the court's order when it sets the status conference says 'give notice.'

"I was under the impression that giving notice, it was appropriate for me to send written notice, which I showed the court at the time, and I have proof now.

"My defect, if any, was in not personally serving the notice as opposed to sending it by mail.

"THE COURT: That's right. And not following the law. All right.

"Here's what I'm going to do. Mr. Winikow, you're really not helping me very much or helping yourself very much.

"I've read and considered the materials. I'll just draw a discreet, wide shroud over your behavior here, but it seems to me you have precipitated a situation which has generated undue and inappropriate delay and complication in the handling of this case.

"I therefore am going to impose monetary sanctions on you. I can't find that Ms. Schroeder is responsible for any of this.

"Monetary sanctions to you are going to be payable directly to the clerk of this court. There is no stay on the county's enforcement of this award. The amount is $150. The reason is California Rules of Court 227. This is unlawful interference with the proceedings of the court by failure to give notice of the hearing in accordance with my order— [¶] . . . [¶]

"You're ordered to prepare, serve, and file a declaration under penalty of perjury reflecting that you have complied with this sanction order, to which

a copy of the payment draft is attached. Have that served and filed by no later than noon on February 10, 2000."

The court also issued a minute order which, as pertinent, states: "Court imposes sanctions in the amount of $150.00 against plaintiff's counsel Jeffrey K. Winikow payable to the clerk of Los Angeles County Superior Court for the following reasons. Mr. Win[ik]ow's conduct is in violation of CRC 227 and CCP 177.5. As charged in the order to show cause drafted December 3, 1999, plaintiff did not give notice of the hearing of December 3, 1999. This violated the order of October 7, 1999. Plaintiff's failure to give notice of the hearing of December 3, 1999 caused that hearing to be largely ineffective for the management of this case, thereby wasting judicial and public resources and displacing other judicial business from the Court's calendar without constructive effect in the instant case. There is no justification for this conduct. The Court cannot find that it is the fault of plaintiff herself; it appears to have been the fault of Mr. Winikow himself. Mr. Winikow's statement that he had given notice is not borne out by the record, and contrary to law, since the record discloses that defendant had no service address of record and was not obligated to attend the hearing of December 3, 1999; in fact, defendant did not attend that hearing. Mr. Winikow is to serve and file a declaration under penalty of perjury showing compliance with this sanction award with a copy of the payment draft attached by 12:00 noon on February 10, 2000."

On January 28, 2000, petitioner filed a "Petition for Writ of Certiorari or Other Appropriate Relief" in this court. Petitioner advised us that: "In order to comply with the trial court's order and protect his personal assets, Petitioner paid the $150 sanction to the Los Angeles Superior Court, specifically reserving all objections as to the constitutionality of the trial court's order. The unlawful act by the Superior Court has been completed, and an unconstitutional taking of property has occurred. Petitioner, therefore, files this as a Writ of Certiorari and seeks restitution of this money together with costs."

On March 13, 2000, we issued an "Alternative Writ of Mandate and Order" which directed the court to "vacate the order of January 20, 2000, . . . which imposed monetary sanctions of $150 against petitioner" or in the alternative to show cause why we should not issue a peremptory writ of mandate ordering respondent to do so.[2] We also ordered petitioner to file with this court an original and three copies of the reporter's transcript of

---

[2]Sanction orders of less than $5,000 are reviewable only on appeal from the final judgment or by petition for extraordinary writ. (Code Civ. Proc., § 904.1, subd. (b).)

January 20, 2000 hearing.[3] On March 16, 2000, petitioner lodged with this court the reporter's transcript of the January 20, 2000 hearing.

On March 24, 2000, petitioner filed with this court a document titled "Notice of Partial Compliance with Alternative Writ; Request for Specific Order Assessing Costs." Attached to the notice was a minute order dated March 20, 2000, which states: "Insofar as it imposes monetary sanctions of $150.00 against Jeffrey K. Winikow, the order of January 20, 2000 is VACATED. [¶] This is in compliance with alternative (a) of the alternative writ of March 10, 2000." Petitioner noted that the order did not direct repayment of the $150 paid by petitioner and that he was out of pocket a filing fee in this court of $265 and $60 to obtain the reporter's transcript.

On April 12, 2000, this court received a letter dated April 10, 2000, on the letterhead of "The Superior Court" from "Frederick R. Bennett, Court Counsel," responding to the notice of partial compliance. As pertinent, the letter states:

"The Alternative Writ did not direct the refunding of the sanctions paid, and the simple solution was for petitioner to submit an order to the trial court refunding the sanctions paid. To facilitate this, the trial court has issued a minute order, a true and correct copy of which is attached, ordering the repayment of the sanctions.

"In [sic] is inappropriate to award costs against the trial judge or the Superior Court, as to do so would chill the judicial process which judicial immunity was established to protect. As long as a court acts within the jurisdiction given to it, absolute judicial immunity applies regardless of whether the court was correct or incorrect in its action, and regardless of allegations of motive or intent. See Frost v. Geernaert (1988) 200 Cal.App.3d 1104, 1107-08 [246 Cal.Rptr. 440]; Mireles v. Waco (1991) 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

"While these cases do not deal directly with costs, our Supreme Court has made it clear that judicial immunity applies to any effort to impose monetary

---

[3]California Rules of Court, rule 56(c) states: "A petition for a writ that seeks review of a trial court ruling shall be accompanied by a record adequate to permit review of the ruling, including: [¶] . . . [¶] (4) a transcript of the proceedings leading to the order or judgment below or, if a transcript is unavailable, a declaration by counsel (i) explaining why a transcript is unavailable and (ii) fairly summarizing the proceedings, including arguments by counsel and the basis of the trial court's decision, if stated; or a declaration by counsel stating that the transcript has been ordered, the date it was ordered, and the date it is expected to be filed, which shall be a date prior to any action requested of the reviewing court other than issuance of a stay supported by other parts of the record."

consequences upon the exercise of judicial discretion. *See Oppenheimer v. Ashburn* (1959) 173 Cal.App.2d 624, 634 [343 P.2d 931]. . . ."[4]

DISCUSSION

### 1. *The Issue of Mootness*

■ We first address the issue of mootness now that the court has ordered return of the sanctions paid by petitioner. "If an action involves a matter of continuing public interest and the issue is likely to recur, a court may exercise an inherent discretion to resolve that issue, even though an event occurring during its pendency would normally render the matter moot. (*In re William M.* (1970) 3 Cal.3d 16, 23-24 [89 Cal.Rptr. 33, 473 P.2d 737]; *Di Giorgio Fruit Corp.* v. *Dept. of Employment* (1961) 56 Cal.2d 54, 58 [13 Cal.Rptr. 663, 362 P.2d 487]; *American Civil Liberties Union* v. *Board of Education* (1961) 55 Cal.2d 167, 181-182 [10 Cal.Rptr. 647, 359 P.2d 45, 94 A.L.R.2d 1259].)" (*Liberty Mut. Ins. Co. v. Fales* (1973) 8 Cal.3d 712, 715-716 [106 Cal.Rptr. 21, 505 P.2d 213].) We perceive this to be such a case so we do not dismiss the matter as moot.

### 2. *The Sanctions Ordered*

■ The court based its imposition of sanctions on California Rules of Court, rule 227, and Code of Civil Procedure section 177.5, each of which requires a knowing violation of a valid order of the court without good cause or substantial justification.[5] (*Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 499-500 [256 Cal.Rptr. 296].)

■ "The imposition of sanctions, monetary or otherwise, is within the discretion of the trial court. That discretion must be exercised in a reasonable manner with one of the statutorily authorized purposes in mind and must be guided by existing legal standards as adapted to the current circumstances.

---

[4]Petitioner responded to this letter but did not cite any legal authority for recovery of costs under the circumstances presented.

[5]California Rules of Court, rule 227 states: "The failure of any person to comply with these rules, local rules, or order of the court, unless good cause is shown, or failure to participate in good faith in any conference those rules or an order of the court require, is an unlawful interference with the proceedings of the court. The court may order the person at fault to pay the opposing party's reasonable expenses and counsel fees and to reimburse or make payment to the county. . . ."

Code of Civil Procedure section 177.5 states: "A judicial officer shall have the power to impose reasonable money sanctions, not to exceed fifteen hundred dollars ($1,500), notwithstanding any other provision of law, payable to the county in which the judicial officer is located, for any violation of a lawful court order by a person, done without good cause or substantial justification. . . ."

[¶] Inherent in our review of the exercise of discretion in imposing monetary sanctions is a consideration of whether the court's imposition of sanctions was a violation of due process. [Citation.]" (*Moyal v. Lanphear, supra*, 208 Cal.App.3d at p. 501.)

 Based on the uncontradicted facts, we must acknowledge the obvious: petitioner did give notice to Haight, Brown of the time and date of status conference. The exchange between the court and petitioner, and the minute order, clearly disclose that the court justified imposition of sanctions against petitioner for his failure to effect service of the notice in a manner the court believed was appropriate, personal service. The court concluded that because petitioner had not utilized personal service, Haight, Brown failed to appear at the status conference. There are at least two reasons why the court's reasoning was fallacious and the imposition of sanctions cannot be upheld.

First, and most basic, the return of service shows that Haight, Brown was personally served with summons and the first amended complaint on December 1, 1999. No appearance in the action was required by Haight, Brown until December 31, 1999, 30 days after service of the summons and first amended complaint. (Code Civ. Proc., § 412.20.) Thus, even if petitioner had personally served the notice on Haight, Brown, Haight, Brown would not have been required to attend the status conference. As such, there is no proximate causation between the failure to personally serve the notice and Haight, Brown's lack of attendance.

Next, the notice of status conference requires counsel for plaintiff to serve notice "to all counsel of record or parties in pro per forthwith." We understand this language to require plaintiff to serve notice only on those defendants who have made a formal appearance in the action. In its minute order of January 20, 2000, the court correctly recognized that as of December 3, 1999, Haight, Brown had not yet made an appearance. Therefore, pursuant to the terms of the notice, petitioner was under no duty to give Haight, Brown notice of the status conference.

We conclude that the court's basis for imposition of sanctions against petitioner is not supported by the record. Therefore, imposition of sanctions was an abuse of discretion.

3. *The Issue of Costs*

Petitioner asks that we impose costs of $325 against respondent to reimburse him for payment of his filing fee in this court and preparation of the

reporter's transcript. He contends that the trial court acted without or in excess of jurisdiction which should preclude application of the doctrine of immunity cited by respondent in its letter to this court.

We need not decide whether or not an act in excess of jurisdiction would avoid immunity for an award of costs against respondent. The record does not support petitioner's conclusion that the trial court acted in excess of its jurisdiction. Rather, we have concluded that the court's order was an abuse of discretion.

### DISPOSITION

Let a writ of mandate issue requiring respondent to repay petitioner the sum of $150. Each party is to bear its own costs.

Curry, J., and Rubin (L.), J.,* concurred.

Respondent's petition for review by the Supreme Court was denied October 18, 2000.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.