[Civ. No. 28025. First Dist., Div. Two. Sept. 28, 1971.]

ANTHONY AWEEKA et al., Plaintiffs and Appellants, v. JOHN BONDS et al., Defendants and Respondents.

■

## COUNSEL

Allan David Heskin, William Petrocelli, Myron Moskovitz and David G. Finkelstein for Plaintiffs and Appellants.

Koford, McLeod & Koford and George M. McLeod for Defendants and Respondents.

## OPINION

**TAYLOR, J.**—On this appeal by the tenants from a judgment of dismissal entered after the court sustained without leave to amend the landlords' demurrer to their amended complaint, the questions are whether causes of action were stated for retaliatory eviction, for intentional infliction of mental distress, and the propriety of the trial court's denial of the tenants' request for a preliminary injunction.

■ On an appeal from a judgment of dismissal sustaining a demurrer, all of the facts set forth in the pleadings must be accepted as true (*Schneider v. Union Oil Co.,* 6 Cal.App.3d 987 [86 Cal.Rptr. 315]). ■ Appellants' amended complaint alleged that in July 1968, they entered into a month-to-month oral rental agreement for Apartment A in the 12-unit building owned by Bonds, at a rental of $65 per month. On January 1, 1969, the oral rental agreement was amended to raise the monthly rental to $75 as of February 1, 1969, for all of the apartments on the premises.

On numerous occasions after appellants entered into possession of Apartment A, they informed Bonds that the shower on the floor above leaked into their bedroom, also causing the loose plaster surrounding the leak to fall, and that the back door was defective and in need of repair. Prior to July 1, 1969, Bonds continually and repeatedly refused and neglected to repair any of these conditions. On July 1, 1969, appellants, pursuant to Civil Code sections 1941 and 1942, wrote to Bonds that if the requested repairs were not made, they would have them repaired and deduct the cost of the repairs from the August rent. On August 2, 1969, Bonds served notice on appellants indicating their rent would be increased from $75 per month to $145 per month, effective September 1, 1969. The reasonable value of the apartments on the premises was $75 per month and $145 was unfair, unreasonable and uneconomical, in view of the condition of the premises. As the Bonds were aware of appellants' inability to pay the increased rental, their action in raising the rent constituted an actual eviction. After denial of a preliminary injunction to prevent the

Bonds from enforcing the rent raise or instituting an action in unlawful detainer, the appellants vacated the premises on August 30, 1969.

The complaint sought general and punitive damages for the eviction and for the intentional infliction of emotional distress.

The question of whether the complaint states a cause of action for retaliatory eviction pursuant to Civil Code sections 1941 and 1942 prior to the 1970 amendments is controlled by *Schweiger* v. *Superior Court*, 3 Cal.3d 507 [90 Cal.Rptr. 729, 476 P.2d 97], decided in November 1970, after the filing of the briefs in the instant case. In *Schweiger*, on substantially identical facts, our Supreme Court held that a tenant has a defense to an unlawful detainer action when the landlord's motive is retaliation for the exercise of statutory rights under Civil Code section 1942. We can discern no rational basis for allowing such a substantive defense while denying an affirmative cause of action. It would be unfair and unreasonable to require a tenant, subjected to a retaliatory rent increase by the landlord, to wait and raise the matter as a defense only, after he is confronted with an unlawful detainer action and a possible lien on his personal property (Civ. Code, § 1861a). Accordingly, we conclude on the authority of *Schweiger* that the complaint stated a cause of action for retaliatory eviction.

 It follows that appellants are entitled to seek consequential as well as punitive damages pursuant to Civil Code section 3294. We note that the actual damages need not be more than nominal (*Wetherbee* v. *United Insurance Co. of America*, 265 Cal.App.2d 921, 930 [71 Cal.Rptr. 764]). In *Farvour* v. *Geltis*, 91 Cal.App.2d 603 [205 P.2d 424], this court upheld an award of exemplary damages for the discomfort and inconvenience caused by the landlord's failure to replace the windows and doors of the tenants' apartment for a period of two weeks. Likewise, in *Tooke* v. *Allen*, 85 Cal.App.2d 230 [192 P.2d 804], punitive damages were awarded to the tenant whose peaceful possession was disrupted by the landlord's continued harassment.

 The complaint also alleges a cause of action for intentional infliction of mental distress. Since *State Rubbish etc. Assn.* v. *Siliznoff*, 38 Cal.2d 330 [240 P.2d 282], this state has provided a remedy for one who is the victim of outrageous conduct without experiencing physical injury. In *Richardson* v. *Pridmore*, 97 Cal.App.2d 124 at page 130 [217 P.2d 113, 17 A.L.R.2d 929], this court (Division One) in upholding a cause of action, noted that an eviction could be unlawful and actionable even though not accompanied with threat, violence or abusive language. The recent case of *Alcorn* v. *Anbro Engineering, Inc.*, 2 Cal.3d 493 at page

498 [86 Cal.Rptr. 88, 468 P.2d 216], stressed the significance of the relationship between the parties in determining whether liability should be imposed. The authorities indicate that landlords have been held liable for abuse of their position (Rest.2d Torts, § 46, com. e).

■ As the trial court did not have the beneficial hindsight of the *Schweiger* case, *supra,* it likewise erred in denying the appellants' request for a preliminary injunction.[1] In the current reconceptualization of the landlord-tenant relationship (see 3 U. C. Davis L.Rev. 60, *The Tenant as a Consumer*), the availability of injunctive relief is particularly significant for the tenant (18 Hastings L.J. 700, 708-709). Appellants were faced with an action for unlawful detainer for refusal to pay the increased rent, as well as loss of their personal property (Civ. Code, § 1861a).[2] Although here the preliminary injunction issue is technically moot, it is obviously one of sufficient continuing public interest to require a decision (*Di Giorgio Fruit Corp.* v. *Dept. of Employment,* 56 Cal.2d 54 [13 Cal.Rptr. 663, 362 P.2d 487]; *American Civil Liberties Union* v. *Board of Education,* 55 Cal.2d 167 [10 Cal.Rptr. 647, 359 P.2d 45, 94 A.L.R.2d 1259]).

The judgment is reversed.

Shoemaker, P. J., concurred.

**KANE, J.**—I dissent. The majority, in my opinion, has adopted an unwarranted proliferation of *Schweiger* v. *Superior Court,* 3 Cal.3d 507 [90 Cal.Rptr. 729, 476 P.2d 97]. The potential results of today's decision are far-reaching and unfairly place a California landlord in a very precarious position.

If the majority opinion stands as the law of this state, any landlord who rejects a demand to repair and who thereafter seeks to either raise the rent or evict a month-to-month tenant will be exposing himself to the jeopardy of a lawsuit by the tenant with the potential consequences of (1) an injunction against the rent increase and/or eviction; (2) general damages; (3) punitive damages for "intentional infliction of emotional distress."

---

[1] Although the notice of appeal specifies only the final judgment of dismissal, it must be liberally construed to include the informal order denying appellants' request for a preliminary injunction (Cal. Rules of Court, rule 1(a); *Kellett* v. *Marvel,* 6 Cal.2d 464, 472 [58 P.2d 649]; *Smith* v. *Smith,* 126 Cal.App.2d 194 [272 P.2d 118]). An order refusing to grant a preliminary injunction is appealable (*Western Electroplating Co.* v. *Henness,* 172 Cal.App.2d 278 [341 P.2d 718]; 3 Witkin, Cal. Procedure (1954) Appeal, § 22, p. 2165; former Code Civ. Proc., § 963, subd. 2, and § 983, subd. 5, in effect and applicable when the instant notice of appeal was filed).

[2] At the time here pertinent, the statute extended the innkeepers' lien to apartment houses.

At a time when the judicial system is laboring under a load which includes an inordinate quantity of needless, and often frivolous, vexatious litigation, the effect of the majority's decision is to create yet another breeding ground.

*Schweiger* in no way suggests that a tenant has any affirmative cause of action. On the contrary, the court repeatedly refers to the "defense" of retaliatory eviction; and, indeed, the court posed the precise question before it as: ". . . may a tenant *defend* an unlawful detainer action on the ground that his landlord increased the rents and commenced the eviction action in retaliation against him because he made a demand for repairs pursuant to Civil Code sections 1941 and 1942?" (3 Cal.3d 507, 511; italics added.)

In its review of existing law on this subject the majority court in *Schweiger* observed: "Few appellate courts in the United States have considered the availability of a *defense* against retaliatory eviction." (*Id.,* p. 512; italics added.)

Likewise, in every case cited by *Schweiger,* the issue was one of defense; and, in one, *Abstract Investment Co.* v. *Hutchinson* (1962) 204 Cal. App.2d 242 [22 Cal.Rptr. 309], the court pointed out that affirmative causes of action by a tenant are not admissible in unlawful detainer actions because such would allow a tenant to frustrate the landlord's statutory remedy of restitution of the premises.

The entire scheme of rights and remedies vis-à-vis landlord and tenant with respect to eviction has been outlined by the Legislature. (See fn. 2 to the dissenting opinion of Chief Justice Wright in *Schweiger, supra,* 3 Cal.3d at p. 519.) Any cause of action such as suggested by the majority here should, if at all, be created by the Legislature.

I would affirm the judgment.

Respondents' petition for a hearing by the Supreme Court was denied November 24, 1971.