[Civ. No. 69418. Second Dist., Div. Six. June 28, 1984.]

BILLY JOE DEAL et al., Plaintiffs and Respondents, v.
THE MUNICIPAL COURT FOR THE SAN LUIS OBISPO
JUDICIAL DISTRICT OF SAN LUIS OBISPO COUNTY,
Defendant and Respondent;
H. L. TILBURY, Real Party in Interest and Appellant.

**COUNSEL**

Biely & Allen and R. Thomas Allen for Real Party in Interest and Appellant.

Paul A. Geihs for Plaintiffs and Respondents.

No appearance for Defendant and Respondent.

**OPINION**

**STORCH, J.**\*—Real party in interest, H. L. Tilbury (landlord) appeals from a judgment of the superior court granting the petition of Billy Joe Deal

*Assigned by the Chairperson of the Judicial Council.

and Mary Lucy Deal (tenants) for writ of mandate wherein the respondent municipal court was ordered to vacate its denial of tenants' motion to quash service of summons and to grant said motion in an unlawful detainer action. In its judgment the superior court awarded tenants $600 in attorney's fees and $100 as costs.

The issue presented on this appeal is whether section 1167 of the Code of Civil Procedure[1] which requires a defendant in an unlawful detainer action to answer or otherwise plead to the complaint within five days after service of summons, as contrasted to the usual thirty days in most other civil actions, is in violation of either the due process or equal protection clauses of the Constitutions of the United States and California.[2] The superior court found section 1167 to be an unconstitutional deprivation of due process in that the five day limitation did not allow adequate time within which to retain counsel and to prepare and file defensive pleadings. We conclude that section 1167 passes federal and state constitutional muster on both due process and equal protection grounds. We reverse the judgment of the superior court and direct that it enter an order dismissing the petition for writ of mandate.

## Procedural Background

On March 25, 1982, landlord filed a complaint for unlawful detainer[3] against tenants in the Municipal Court of the State of California, in and for the County of San Luis Obispo, Grover City Branch. On that same date tenants were served with a copy of the complaint and service of summons was affected upon each of them. On March 30, 1982, tenants filed a motion in the municipal court to quash service of summons on the ground that the requirement to file responsive pleadings to the complaint for unlawful detainer within five days of service of summons constituted a violation of the due process and equal protection clauses of the federal and state Constitutions. On April 19, 1982, the municipal court denied tenants' motion to quash. Tenants then successfully petitioned the superior court for writ of mandate wherein the municipal court was ordered to grant their motion. This appeal followed.

---

[1] All references are to the Code of Civil Procedure unless otherwise noted.

Section 1167 provides that: "The summons shall be in the form specified in Section 412.20 except that the defendant's time to respond to the complaint is five days after the summons is served upon him. [¶] In all other respects the summons shall be issued and served and returned in the same manner as a summons in a civil action."

[2] (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.)

[3] Prior to filing the complaint tenants were served with a 30-day notice pursuant to Civil Code section 1946.

## Discussion

■ The California wrongful detainer statutes were ". . . enacted to provide an adequate, expeditious and summary procedure for regaining possession of real property wrongfully withheld by a tenant. [Fn. omitted.] The rights and remedies afforded a landlord by the statutory provisions are given in lieu of his common law rights and remedies which included the right to enter and expel the tenant by force. [Citations.] The enactment of such statutory procedures is supported by the strong public policy of preserving the peace [citation] as well as the recognition of the unique factual and legal characteristics of the landlord-tenant relationship. [Citation.] . . . ." (*Childs* v. *Eltinge* (1973) 29 Cal.App.3d 843, 853 [105 Cal.Rptr. 864].)

Historically, affirmative defenses could not be asserted in an unlawful detainer proceeding, in order that the "summary" nature of the action be preserved. (*Union Oil Co.* v. *Chandler* (1970) 4 Cal.App.3d 716 [84 Cal.Rptr. 756].) ■ However, the tenant now has the right to raise many heretofore disallowed affirmative defenses, including breach of implied warranty of habitability (*Knight* v. *Hallsthammar* (1981) 29 Cal.3d 46 [171 Cal.Rptr. 707, 623 P.2d 268]; *Green* v. *Superior Court* (1974) 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168]); retaliatory eviction, (*Schweiger* v. *Superior Court* (1970) 3 Cal.3d 507 [90 Cal.Rptr. 729, 476 P.2d 97]; *Aweeka* v. *Bonds* (1971) 20 Cal.App.3d 278 [97 Cal.Rptr. 650]); and racial discrimination (*Abstract Investment Co.* v. *Hutchinson* (1962) 204 Cal.App.2d 242 [22 Cal.Rptr. 309]). Equitable defenses are also generally allowed in California. (*Union Oil Co.* v. *Chandler, supra,* 4 Cal.App.3d 716; *Schubert* v. *Lowe* (1924) 193 Cal. 291 [223 P. 550]; *Knight* v. *Black* (1912) 19 Cal.App. 518 [126 P. 512].)

In summary the rule ". . . is that a defense normally permitted because it 'arises out of the subject matter' of the original suit is generally excluded in an unlawful detainer action if such defense is extrinsic to the narrow issue of possession, which the unlawful detainer procedure seeks speedily to resolve. [Fn. omitted.] . . . [No] . . . California decision, however, prohibits a tenant from interposing a defense which does directly relate to the issue of possession and which, if established, would result in the tenant's retention of the premises. [Fn. omitted.]" (*Green* v. *Superior Court, supra,* 10 Cal.3d 616, 632-633.)

Appellant relies on the landmark decision of *Lindsey* v. *Normet* (1972) 405 U.S. 56 [31 L.Ed.2d 36, 92 S.Ct. 862] as determinative of both due process and equal protection questions posed herein. In *Lindsey,* the Oregon Forcible Entry and Wrongful Detainer statute provided for trial no later than six days after service of the complaint unless the tenant posted security

for accruing rent; limited the triable issues to the tenant's default and disallowed defenses based on the landlord's breach of a duty to maintain the premises. Appeal by the tenant necessitated posting of bond in twice the amount of the rent expected to accrue pending the appellate determination. With the exception of the bond requirement, the United States Supreme Court held that the Oregon statute was not violative of either the due process or equal protection clause of the Fourteenth Amendment. The court distinguished the Oregon statute from those statutes that permit, in addition to the defense of payment of rent, such defenses as the implied warranty of habitability. In finding that the Oregon tenant was afforded due process the court stated that: "[i]n those recurring cases where the tenant fails to pay rent or holds over after expiration of his tenancy and the issue in the ensuing litigation is simply whether he has paid or held over, we cannot declare that the Oregon statute allows an unduly short time for trial preparation." (405 U.S. p. 64-65 [31 L.Ed.2d p. 45].)

■ Rejecting the claimed denial of equal protection, the *Lindsey* court concluded that "[t]here are unique factual and legal characteristics of the landlord-tenant relationship that justify special statutory treatment inapplicable to other litigants. The tenant is, by definition, in possession of the property of the landlord; unless a judicially supervised mechanism is provided for what would otherwise be swift repossession by the landlord himself, the tenant would be able to deny the landlord the rights of income incident to ownership by refusing to pay rent and by preventing sale or rental to someone else. Many expenses of the landlord continue to accrue whether a tenant pays his rent or not. Speedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property. Holding over by the tenant beyond the term of his agreement or holding without payment of rent has proved a virulent source of friction and dispute. We think Oregon was well within its constitutional powers in providing for rapid and peaceful settlement of these disputes." (405 U.S. pp. 72-73 [31 L.Ed.2d p. 50].)

The superior court herein was of the opinion that *Lindsey* v. *Normet* is not controlling with regard to the due process issue because of California's recognition of the multiple defenses described above and limited its decision to the determination that section 1167 was in violation of the due process clause. We presume that the superior court concluded that there was no equal protection problem present in section 1167, nor do we find any. In our view the holding of *Lindsey* v. *Normet* is dispositive of the equal protection issue.

■ Although California now permits substantially more complex defenses to the unlawful detainer proceeding than simple payment of rent, we are persuaded that the short five-day period to respond as provided in section 1167, does not result in a denial of due process.[4] The tenant is aided by the simplified form answer prescribed by rule 982.1 of the California Rules of Court effective January 1, 1982. Section 425.12 provides that the use of this form is optional until January 1, 1985, at which time it becomes mandatory and that: "The [form] shall be drafted in nontechnical language and shall be made available through the office of the clerk of the appropriate trial court." We observe that this form answer contains the affirmative defenses now recognized in California.

Moreover, section 1167.5[5] allows the tenant to obtain an extension of time to plead beyond its 10-day provision upon a showing of good cause.[6] ■ We construe the 10-day period of extension allowed in section 1167.5 as a direction to the court rather than an absolute limitation of its authority.[7] ■ ■ ■ ■ Any other construction would render the introductory sentence "[u]nless otherwise ordered by the court for good cause shown" surplusage and contradictory.[8] We construe section 1167.3[9] in like manner and hold that its five-day period within which to plead after demurrer may be extended in view of the identical language as that con-

---

[4]In most all civil actions the defendant has 30 days after service of process within which to answer (§ 412.20, subd. (a)(3)) or otherwise plead (§ 430.40).

[5]Section 1167.5 provides: "Unless otherwise ordered by the court for good cause shown, no extension of time allowed in any action under this chapter for the causes specified in Section 1054 shall exceed 10 days without the consent of the adverse party."

[6]The application for the extension may be made ex parte and need not be in written form, although the applicant must advise the court in writing as to the nature of the case and whether any extensions have been previously granted by order of court or stipulation of counsel. (Cal. Rules of Court, rules 235(b), 523(b).)

[7]There is no reported case construing section 1167.5 and commentators disagree as to its meaning. Witkin is of the view that section 1167.5 prohibits any extension of time beyond 10 days without the consent of the landlord. (3 Witkin, Cal. Procedure (2d ed. 1983 supp.) § 7, pp. 7-8.) Contra, see Moskovitz, California Eviction Defense Manual (June 1982 supp.) section 8.39, wherein the author is of the opinion that a showing of good cause would permit an extension beyond the 10 days without the landlord's consent.

[8]Section 1054 allowing for an extension not to exceed 30 days without consent of the adverse party is a limitation upon the court's authority. (See *Thelander* v. *Superior Court* (1962) 58 Cal.2d 811 [26 Cal.Rptr. 643, 376 P.2d 571].) However, the language of section 1054 provides that time may be extended ". . . upon good cause shown, by the judge of the court in which the action is pending, or by the judge who presided at the trial of the action; but the extension so allowed shall not exceed 30 days, without the consent of the adverse party." There is absent from this statutory provision the language "[u]nless otherwise ordered by the court" as appears in section 1167.5.

[9]Section 1167.3 provides: "In any action under this chapter, unless otherwise ordered by the court for good cause shown, the time allowed the defendant to answer the complaint, answer the complaint, if amended, or amend the answer under subdivision (2), (3), (5) or (6) of Section 586 shall not exceed five days."

tained in section 1167.5. ██ Thus, the short time limitation provided for in section 1167 may, upon a proper showing, be extended to such time as may be just under the circumstances.[10] In view of the foregoing, we conclude that section 1167 comports with due process.

We are satisfied that under existing California procedural law the tenant, in an unlawful detainer proceeding, is afforded ample opportunity to plead and defend.[11] Accordingly, finding neither a violation of equal protection or due process in section 1167 we reverse the judgment of the superior court and direct that it enter an order denying the petition for writ of mandate.

The judgment is reversed with directions.

Stone, P. J., and Gilbert, J., concurred.

---

[10]Moreover, section 473 affords relief from the statutory time limitations within which to plead.

[11]We note that trial preference is given the unlawful detainer proceeding over other civil actions ". . . to the end that all such actions shall be quickly heard and determined." (§ 1179a.) Section 1170.5 provides that the trial shall be held no later than the 20th day following the date that the request to set trial is made. The court may continue the trial date for good cause shown. Prior to ordering a continuance the court must inquire whether there is a reasonable probability that the landlord will prevail and should the court so find it shall determine the amount of damages, if any, by reason of the continuance and order the tenant to pay that amount into court as rent that would have become due.