[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendants move to strike count two of the complaint because Connecticut does not recognize a cause of action for retaliatory eviction. Defendants also move to strike the plaintiffs prayer for punitive damages and attorney's fees. CT Page 10546
The plaintiff, Sallie Stangle, filed this action against the defendants, Mark and Dennis Sullivan Trust, Mark Sullivan and Dudley Realty, on March 13, 2002. The plaintiff alleges negligence (count one) and retaliatory eviction (count two) and is seeking compensatory damages, punitive damages, attorney's fees, interest and other relief as the court deems appropriate. The plaintiff alleges that the Mark and Dennis Sullivan Trust owned the property where the plaintiff was a tenant. On or about March 28, 2000, the plaintiff alleges that while walking on a sidewalk at the premises she fell and sustained injuries. Subsequent to this fall, the plaintiff alleges that she put Mark Sullivan on notice of her intention to bring suit. As a result of this notice, the plaintiff alleges that Mark Sullivan notified the plaintiff and her husband that he was raising their rent by 42 percent. On July 2, 2001,[1]
Mark Sullivan served the plaintiff a notice to quit the premises no later than July 11, 2001. The plaintiff was forced to relocate and had to defend herself in the eviction action.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [pleading], construed in favor of the [pleading party], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to rstrike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
The defendants argue that although General Statutes § 47a-20
prohibits retaliatory eviction by a landlord against a tenant, this statute does not authorize a direct cause of action. In addition, the defendants contend that there is no appellate or trial level authority allowing a cause of action for retaliatory eviction. In opposition, the plaintiff argues that she is not bringing a cause of action under any statute. She avers that she has brought an action for the common law tort of retaliatory eviction. In support of this argument, the plaintiff relies on General Statutes §§47a-20 and 47a-33 for the recognition of a strong public policy against retaliatory evictions in Connecticut. In addition, the plaintiff provides case law from other jurisdictions which recognize this cause of action. The plaintiff argues that Connecticut has CT Page 10547 followed California with respect to other new common law causes of action, for example, bystander emotional distress and retaliatory discharge, and, therefore, the court should follow California's position on allowing a common law cause of action for retaliatory eviction in this situation.
The parties agree that the statutes cited above do not expressly provide a tenant with a private cause of action. The plaintiff, however, argues that this court should recognize a private cause of action for retaliatory discharge because Connecticut has a strong public policy against retaliatory eviction based on these statutes. In determining whether these statutes implicitly provide a private cause of action for retaliatory eviction the court must analyze the factors set forth inNapoletano v. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216,680 A.2d 127, cert. denied, 520 U.S. 1103, 117 S.Ct. 1106,137 L.Ed.2d 308
(1996). The court must consider whether: (1) the plaintiff is one of the class for whose benefit the statute was enacted; (2) there is any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one; and (3) it is consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff. Id., 249.
Under Napoletano, first, the court should analyze whether the plaintiff is one of the class for whose benefit the statute was enacted. "The thrust of Sections 47a-20 and 47a-33 . . . is intended to impede eviction actions in retaliation against a tenant who files a complaint of housing code violations. In effect, it is legislation to protect `the whistle blower.'" (Citation omitted.) Carter v. Bouchard, Superior Court, judicial district of Hartford-New Britain at Hartford, Housing Session, Docket No. 010254 (February 27, 1979, Spada, J.). There are no allegations that the plaintiff complained to a civil authority about a housing code violation. With respect to the first prong of the Napoletano
test, the court concludes that the plaintiff is not within the class of persons designed to be protected by these statutes.
Secondly, the court should determine whether it was the legislature's intent to provide a private cause of action for retaliatory eviction. "The intention of the legislature is found not in what it meant to say, but in the meaning of what it did say." (Internal quotation marks omitted.) Peck v. Jacquemin, 196 Conn. 53, 65, 491 A.2d 1043 (1985). "In seeking to discern that intent, [the court will] look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) Maxwell v. Freedom of Information Commission, 260 Conn. 143, CT Page 10548 147-48, 794 A.2d 535 (2002).
General Statutes § 47a-33 provides that "[i]n any action for summary process under this chapter or section 21-80 it shall be an affirmative defense that the plaintiff brought such action solely because the defendant attempted to remedy, by lawful means . . . any condition constituting a violation of any of the provisions of chapter 368o, or of chapter 412, or of any other state statute or regulation or of the housing or health ordinances. . . ." This statute "establishes a tenant's right to claim a defense of retaliatory eviction where the tenant has reported housing code violations to the appropriate authorities." Alteriv. Layton, 35 Conn. Sup. 261, 263, 408 A.2d 261 (1979).
General Statutes § 47a-20 provides that upon the occurrence of one or more of five protected acts committed by the tenant, the landlord "shall not maintain an action or proceeding against a tenant to recover possession of a dwelling unit, demand an increase in rent from the tenant or decrease the services to which the tenant has been entitled within six months after" the commission of any of the enumerated acts. This statute "establishes retaliation as a presumption, if a summary process action is initiated within six months of a complaint, which the landlord must then successfully rebut." (Internal quotation marks omitted.) Walsh v.Quiles, Superior Court, judicial district of New Haven, Housing Session, Docket No. 354191 (May 13, 1998, Levin, J.) (22 Conn.L.Rptr. 396, 397).
Judge Spada discussed the legislature's intent in creating the affirmative defense of retaliatory eviction in Carter v. Bouchard, supra, Superior Court, Docket No. 010254. "The defense of retaliatory action is not to be lightly treated. Our summary process action is to provide an expeditious remedy to a landlord in order to remove a . . . tenant. . . ." Id. "The defense of retaliatory action was provided by our legislature as a shield to protect good faith tenants in the rightful protection of their interests. [The court does not] . . . believe that the legislature intended the defense . . . to be employed as a sword to impede and exacerbate the summary nature of our eviction procedures." (Internal quotation marks omitted.) Id. "In a summary process action, speed is of the essence. . . . Summary process, therefore, is meant to be simple, uncluttered and, above all, summary." (Citation omitted.) Id.
Another reason for the creation of the defense was that, at the time the legislation was enacted, Connecticut was facing a housing blight.Alteri v. Layton, supra, 35 Conn. Sup. 266. The court in Alteri, relying on the statutes' respective legislative histories, found that the legislature was attempting "to stop urban decay and prevent decay in the suburbs in the future." (Internal quotation marks omitted.) Id. Judge Spada concluded that the statutes served the legislature's objectives of CT Page 10549 protecting the landlord from harassment and protecting the tenant who seeks repairs of a substantial nature. Id., 267.
There is no indication, explicit or implicit, in the legislative history that the legislature's intent was to create or to deny a private cause of action for retaliatory eviction. The history is silent in this respect, and therefore fails to indicate that it was the legislature's intent to create a private cause of action for retaliatory eviction.
The third prong of the Napoletano test is whether it is consistent with the underlying purposes of the legislative scheme to imply a private remedy for the plaintiff. As discussed previously, one purpose of the statutes is to protect tenants, who in good faith, report violations of the housing code. See Carter v. Brouchard, supra, Superior Court, Docket No. 010254. Another purpose of the statutes was to deal with a housing blight and urban decay which existed at the time of enactment. Alteri v.Layton, supra, 35 Conn. Sup. 266. Allowing the plaintiff to bring a claim for retaliatory eviction is not consistent with the underlying purposes of the legislation. This will not protect a tenant who in good faith has reported a violation of the housing code nor will it deal with the issue of urban decay.
In addition, the Supreme Court has characterized retaliatory eviction as a special defense. Ossen v. Wanat, 217 Conn. 313, 317-18, 585 A.2d 685, cert. denied, 502 U.S. 816, 112 S.Ct. 69, 116 L.Ed.2d 43 (1991); see alsoVisco v. Cody, 16 Conn. App. 444, 449, 547 A.2d 935 (1988). As noted inAlteri v. Layton, supra, 35 Conn. Sup. 264-65, § 47a-20 and §47a-33, are recognized not as rights given to tenants but as limitations of remedies of the landlord. See also Underwood Towers Ltd. Partnershipv. Wright, Superior Court, judicial district of Hartford, Housing Session, Docket No. 104757 (October 6, 1999, Satter, J.).
The plaintiff nonetheless urges the court to follow other jurisdictions, specifically California, which have allowed tenants to bring an affirmative cause of action for retaliatory eviction. See, e.g., Aweeka v. Bonds, 97 Cal.Rptr. 650 (1971). The cases which the plaintiff relies on are distinguishable from the case at bar. In most of the cases where the court allowed a tenant to bring this type of action, the landlord was in violation of the housing code. These cases involved tenants who had repeatedly made requests to their landlord to make certain repairs or tenants who were forced to live in substandard conditions. The public policy behind the decision to allow this type of action is based on the tenant's right to report violations of the law without retaliation by the landlord. See Sims v. Century KiestApartments, 567 S.W.2d 526, 529-30 (1978) (policy to encourage reporting of violations of law to proper authorities). In addition, one case CT Page 10550 suggests that an affirmative cause of action for retaliatory eviction exists only when the tenant has exercised a right incidental to his tenancy. See Murphy v. Smallridge, 468 S.E.2d 167, 172 (1996).
In this case, the plaintiff has not alleged that she made repeated requests to the defendant to make repairs to the premises. The plaintiff also has not alleged any violation of the housing code or the law. Finally, the plaintiff has not alleged that she was attempting to exercise a right incident to her tenancy. Thus, even assuming Connecticut would recognize a new common law cause of action for retaliatory eviction in some situations, the plaintiff has failed to allege particular facts and circumstances under which such a cause of action might properly lie. In short, this is an inappropriate case in which to recognize the cause of action, if the court were inclined to do so. Accordingly, the court grants the motion to strike count two because the plaintiff has failed to state a claim upon which relief may be granted.[2]
The plaintiff is also seeking punitive damages and attorney's fees. "[I]n order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Berry v. Loiseau, 223 Conn. 786, 811,614 A.2d 414 (1992). In order to receive punitive damages, the plaintiff must allege conduct that evinces a reckless indifference to the plaintiffs rights. Drennan v. Geist, Superior Court, judicial district of Middlesex at Middletown, Docket No. 089114 (January 29, 2002, Shapiro, J.). As for attorney's fees, "[o]rdinarily, a successful litigant is not entitled to an award of attorney's fees. . . . This rule is known as the `American rule.' . . . Connecticut adheres to the American rule. . . . Connecticut recognizes, however, the exceptions to this rule. A successful litigant is entitled to an award of attorney's fees if they are provided by contract . . . by statute . . . or as an aspect of punitive damages." (Citations omitted; internal quotation marks omitted.) Jonesv. Ippoliti, 52 Conn. App. 199, 209, 727 A.2d 713 (1999). Given the fact that the count of retaliatory eviction has just been stricken, it is clear that plaintiff has failed to allege conduct sufficient to warrant the award of common law punitive damages and attorney's fees. Accordingly, the motion to strike the prayer for relief for punitive damages and attorney's fees is also granted.
 ___________________ Koletsky, J.