Filed 7/18/24  Shen v. Prato CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| WEN SHEN, | B328235 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV09982) |
| v. | |
| GARY PRATO, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Valerie Salkin, Judge.  Reversed.

Law Offices of Liddle & Liddle and Raymond Zakari for Plaintiff and Appellant.

Bowse Law Group and Michael A. Bowse for Defendant and Respondent.

————————————————

Appellant Wen Shen appeals from the trial court's order denying her motion for attorney fees. She made the motion after a split jury verdict. The jury decided in Shen's favor on her cause of action for retaliatory eviction under Civil Code section 1942.5[1] and in landlord Gary Prato's favor on Shen's cause of action for breach of the warranty of habitability. Shen contends the trial court erred in finding the lease agreement's cap of $1,000 for attorney fees and costs controlled over section 1942.5's mandate that a party prevailing under that section be awarded reasonable attorney fees. We agree the trial court erred in finding that the contractual cap on attorney fees controlled over section 1942.5. As a consequence, the trial court erred in failing to undertake the calculation of an award under section 1942.5. We reverse the trial court's order denying attorney fees and remand for the trial court to determine a reasonable award of such fees.

## BACKGROUND

In June 2017, Shen signed a three-year lease for a residential property in Woodland Hills owned by Prato. Shen lived there with her minor daughter, who attended school nearby.

In September 2018, Shen and her daughter returned home after a weekend away to find that a toilet line in the second floor master bathroom had burst. Shen alleged she observed substantial sewage/water damage "throughout the house" as well as mold. She deemed the house uninhabitable and moved to a hotel, where she stayed until October 22, 2018. Shen and her daughter returned to the house many days, however, to work and

---

[1]     Undesignated statutory references are to the Civil Code.

2

to do homework, respectively. Shen stated this was also necessary to protect her personal property.

It is undisputed that Prato quite promptly sent service technicians to the house to set up fans to dry out the house. The parties agree that actual repairs were not promptly made, but disagree as to the reason. Prato claims Shen obstructed the repairs. Shen claims Prato sent repair people to the property without warning her; then, on a second occasion, Prato gave them entry without waiting for her representative to arrive and open the house. The second time, Shen called the police. Prato thereafter gave her a 60-day notice to move out.

Shen obtained counsel and continued to pay rent. It appears that by September 29, 2018, Prato's insurance company had assigned a contractor to repair the property. Again a dispute arose, this time about waivers related to the work. This dispute resulted in Prato serving Shen with a three-day notice to quit at the end of October 2018. Shen complied and moved out.

In March 2019, Shen filed the present action against Prato on behalf of herself and her daughter. The second amended complaint alleges six causes of action: breach of the warranty of habitability, negligence, constructive eviction, nuisance, retaliatory eviction under section 1942.5, and breach of quiet enjoyment.

Prato subsequently moved for and secured summary adjudication in his favor on the causes of action for negligence, constructive eviction, nuisance, and breach of quiet enjoyment. The trial court's ruling on that motion is not included in the record on appeal.

Ultimately, the habitability and retaliatory eviction causes of action were tried to a jury. The only information in the record

3

on appeal about that trial is the judgment, which shows the jury found in favor of Prato on the habitability cause of action and in favor of Shen on the retaliatory constructive eviction cause of action. The jury awarded Shen $7,520 in economic damages and $12,500 in noneconomic damages, for a total of $20,020. The judgment states Shen "shall have and recover . . . the sum of $20,020 as compensatory damages, with interest, . . . together with costs and attorney's fees in the amount of $_____ from Gary Prato."

Shen sought costs in the amount of $35,603.08 and attorney fees in the amount of $246,430. She sought attorney fees under section 1942.5, subdivision (i), which provides: "In any action brought for damages for retaliatory eviction, the court shall award reasonable attorney's fees to the prevailing party if either party requests attorney's fees upon the initiation of the action." (§ 1942.5, subd. (i).)

The trial court ruled on costs and attorney fees in two stages. In its December 9, 2022, minute order, the trial court granted Prato's motion to tax costs over $1,000, on the ground that the lease agreement between the parties capped costs and attorney fees at $1,000. The trial court found that an additional ground for striking costs was the amount of Shen's recovery, which fell below the $25,000 minimum amount for a court of general jurisdiction. The trial court ruled that because the judgment could have been rendered in a limited civil case, the court had discretion to deny costs, including attorney fees, entirely. (Code Civ. Proc., § 1033, subd. (a); see *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 987–988 (*Chavez*); *Steele v. Jensen Instrument Co.* (1997) 59 Cal.App.4th 326, 331 (*Steele*).) The court chose to award $1,000 in costs.

4

The trial court explained its decision in part as follows: "Although Defendant's conduct in evicting Plaintiff was found to be retaliatory, in this case, Defendant's conduct was understandable due to Plaintiff's obstructionist behavior." The court also stated: "The Court finds that Plaintiffs' efforts in litigating this case were grossly excessive. [¶] . . . [¶] In light of Plaintiff's limited success, her requested costs of $35,603.08, i.e. $14,525.08 greater than the damages amount awarded to Plaintiff by the jury, are inflated. [¶] In the event a determination is later made that the Court's analysis that the contract terms do not bar the recovery of costs exceeding $1000, the Court would decline to make a large cost award."

In its February 7, 2023, order, the trial court ruled on Shen's motion for attorney fees. The trial court again relied on the provision in the lease agreement limiting costs and attorney fees to $1,000. The trial court denied the motion for attorney fees on the ground that the $1,000 cap had been reached with the cost award. The court found that the retaliatory eviction cause of action arose out of the lease agreement, and so the contractual $1,000 limitation was valid. (*Drybread v. Chipain Chiropractic Corp.* (2007) 151 Cal.App.4th 1063, 1071 (*Drybread*).) The court considered and rejected Shen's argument that section 1942.5, which provides for an award of reasonable attorney fees when a tenant prevails on a retaliatory eviction cause of action, controlled. Relying on the bare text of Code of Civil Procedure section 1021, the court found that the attorney fee provision in the lease agreement controlled over the statutory provision.

5

## DISCUSSION

A. *Costs Other Than Attorney Fees Are Governed by the Lease Agreement.*

Section 1942.5 does not provide for an award of costs (as opposed to attorney fees). Accordingly, we see no error in the trial court's decision to limit the award of such costs to the $1,000 amount specified in the lease agreement. The trial court, however, provided a number of alternate bases for its decision on such costs. It then expressly incorporated its analysis on the cost issues into its February 7, 2023, order on attorney fees, stating the prior order "should be considered a part of this decision." Thus, we do consider some of the non-attorney-fee cost analysis, and find it erroneous as applied to attorney fees, as set forth in more detail below.

B. *Code of Civil Procedure Section 1021 Does Not Give Absolute Priority to Contractual Fee Limitations Over Statutory Fee Provisions.*

On review of an award of attorney fees after trial, the usual standard of review is abuse of discretion. "However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law." (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142 (*Carver*).) Put differently, " 'the determination of the legal basis for an attorney fee award is subject to independent review. [Citation.] In such a case, the issue involves the application of the law to undisputed facts. [Citation.]' [Citation.] Further, where an issue of entitlement to attorney fees and costs depends on the

6

interpretation of a statute, our review is de novo." (*Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252, 1258.)

The trial court found that the retaliatory eviction cause of action was a tort claim, which "is directly related to the tenancy and thus to the lease agreement." The court then found: "Because the claim arises out of the agreement, Plaintiffs are bound by the express terms of the contract, and thus limited to recovery of $1,000 in costs and attorney fees collectively."

Retaliatory eviction is both a tort and a statutory cause of action. (See *Barela v. Superior Court* (1981) 30 Cal.3d 244, 251 (*Barela*).) Shen clearly alleged a statutory cause of action. There is no dispute that the parties treated the cause of action as a statutory one throughout the proceedings.[2] While the trial court is correct that a tort cause of action can arise from a contract, that rule is simply not relevant in this case, which involves only a statutory cause of action.

The trial court relied on *Santisas v. Goodin* (1998) 17 Cal.4th 599 to support its conclusion that the request for fees was contractually based, but that case recognized *three* bases for attorney fees: "a legal basis . . . grounded in an agreement, statute, or other law." (*Id.* at p. 606.) As the *Santisas* Court expressly noted, the parties seeking attorney fees in that case did

---

[2] There are very few documents in the record related to the actual trial of this matter. They show, however, that the cause of action was treated as statutory. For example, Prato acknowledged in his settlement conference statement that the retaliatory eviction claim was a statutory claim. After trial, Shen sought attorney fees pursuant to section 1942.5. Prato's motion to tax costs acknowledged that Shen had prevailed on a statutory cause of action.

7

not contend that their claim had a legal basis "grounded in a statute or other noncontractual source of law." (*Id*. at pp. 606–607.)  The same is true of the other cases relied upon by the trial court; none involved a party seeking attorney fees under a statute.  (*Drybread*, *supra*, 151 Cal.App.4th at p. 1071; *Gil v. Mansano* (2004) 121 Cal.App.4th 739, 743–744; *Gonzales v. Personal Storage, Inc.* (1997) 56 Cal.App.4th 464, 480.)  We find the trial court's reliance on these cases inapt.

The trial court did acknowledge that Shen was seeking attorney fees under section 1942.5 but found that under Code of Civil Procedure section 1021, "where attorneys' fees are authorized by statute but capped by private contract, the trial court is to award attorneys' fees pursuant to the contract."  This is a fundamental misreading of Code of Civil Procedure section 1021.

Code of Civil Procedure section 1021 provides in pertinent part: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties."  (Code Civ. Proc., § 1021.)  As the California Supreme Court has explained, Code of Civil Procedure section 1021 simply codifies the American rule, "which provides that each party to a lawsuit must ordinarily pay his own attorney fees."  (*Trope v. Katz* (1995) 11 Cal.4th 274, 278 (*Trope*).)  Since the enactment of Code of Civil Procedure section 1021 in 1872, the Legislature has enacted statutory exceptions to the rule and courts have equitably created other exceptions, such as the common fund theory of recovery.  (*Trope*, at p. 279.)  A third category of exception is an agreement between the parties.  (*Ibid*.)  We see nothing in the language of Code of Civil Procedure

8

section 1021 or the reasoning of *Trope* to suggest that an agreement between the parties controls or necessarily cancels out a statutory exception to the rule. In other words, we conclude Code of Civil Procedure section 1021 does not elevate a contractual exception to the American rule over a statutory exception to the American rule.

C.  *Section 1942.5 Is Designed to Accomplish an Important Public Purpose Which Cannot Be Contravened by Private Contract.*

As pertinent here, the Fourth District Court of Appeal has described the opening clause of Code of Civil Procedure section 1021 as "a limitation on the right of parties to agree to fees entitlements." (*Carver, supra,* 97 Cal.App.4th at p. 147.)

This is not a blanket limitation on such agreements, however. As more fully developed by the Fourth District Court of Appeal in later cases, " '[T]he question is whether the statutory attorney fees provision expressly, or the policy of the statute implicitly, overrides the freedom to contract for a different outcome.' " (*Dorsey v. Superior Court* (2015) 241 Cal.App.4th 583, 594, quoting *County of Sacramento v. Sandison* (2009) 174 Cal.App.4th 646, 651.)[3] The Fifth District Court of Appeal has reached a similar conclusion, relying on section 3513, which provides: "Any one may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement." (§ 3513.) The Fifth District has held that section 3513 applies to mandatory

---

[3]  This reasoning has recently been adopted by our colleagues in Division Five of the Second Appellate District Court of Appeal in *Soni v. Cartograph, Inc.* (2023) 90 Cal.App.5th 1, 11.

statutory provisions for the recovery of attorney fees, when such provisions were "designed to accomplish an important public purpose." (*Bickel v. Sunrise Assisted Living* (2012) 206 Cal.App.4th 1, 12.)

Section 1942.5 expressly provides that "the court *shall* award reasonable attorney's fees to the prevailing party." (§ 1942.5, subd. (i), italics added.) The history of section 1942.5 shows that mandatory attorney fees are an integral part of the statutory retaliation cause of action. "Section 1942.5 was [first] enacted into law as part of comprehensive landlord-tenant reform legislation." (*Kriz v. Taylor* (1979) 92 Cal.App.3d 302, 310 (*Kriz*).)[4] "[T]he obvious intent of this statutory scheme [is] to encourage private initiative to enforce tenantability standards." (*Kriz*, at p. 311.) More specifically, after section 1942.5 was enacted in 1970, but before it became effective, the California Supreme Court recognized the common law doctrine of retaliatory eviction as a defense in unlawful detainer proceedings. (*Schweiger v. Superior Court* (1970) 3 Cal.3d 507, 512.) As the Court subsequently explained, in so doing, it applied the " 'persuasive reasoning' " of "the leading authority in the area, *Edwards v. Habib* (D.C. Cir. 1968) 130 U.S.App.D.C. 126 [397 F.2d 687]" to California law. (*Drouet v. Superior Court* (2003) 31 Cal.4th 583, 591–592.) Our Supreme Court summarized that reasoning: " ' "[e]ffective implementation and enforcement of the codes obviously depend in part on private initiative in the reporting of violations. . . . To permit retaliatory evictions . . . would clearly frustrate the effectiveness of the

---

[4]     At that time, section 1942.5 provided only a defense to eviction.

10

housing code as a means of upgrading the quality of housing." '
[Citations.] An eviction under such circumstances, Judge Wright
reasoned, would not only punish the tenant for a complaint that
she had a constitutional right to make ' "but also would stand as
a warning to others that they dare not be so bold, a result which,
from the authorization of the housing code, we think Congress
affirmatively sought to avoid." ' " (*Id.* at p. 591.)

 Courts first recognized a cause of action for retaliatory
eviction in *Aweeka v. Bonds* (1971) 20 Cal.App.3d 278 (*Aweeka*).
The *Aweeka* court, however, relied on existing statutory
provisions, such as section 3294, to flesh out the cause of action.
(*Aweeka*, at p. 281.) In 1979, the Legislature responded by
repealing and reenacting it with amendments to section 1942.5
which included such a cause of action. (*Rich v. Schwab* (1998)
63 Cal.App.4th 803, 810 (*Rich*).) "Importantly, and consistent
with the earlier holding in *Aweeka*, the 1979 legislation added
subdivisions (f) and (g) to section 1942.5 and therein created
statutory rights of action against landlords who unlawfully
retaliate against their tenants." (*Rich*, at p. 811.)
Then-subdivision (g) included the attorney fees provision of
section 1942.5. (*Rich*, at p. 811.) The Legislature made this
provision mandatory. We conclude the key role of attorney fees
in creating a viable cause of action for retaliatory eviction
indicates that attorney fees are part of a tenant's rights under
section 1942.5 and cannot be waived.

 The California Supreme Court first considered this version
of section 1942.5 in *Barela.* "In interpreting section 1942.5, the
court was expansive, emphasizing the 'important public policy'
the remedies authorized by that statute serve. (*Barela*, *supra*,
30 Cal.3d at pp. 253, 254.) Section 1942.5, the court said, 'is a

11

remedial statute aimed at protecting tenants from certain types of abuses' (*Barela*, *supra*, 30 Cal.3d at p. 251), and '[i]mplicit in the passage of any remedial legislation is a general intent to protect from intimidation those who report violations of the law.' (*Id*. at p. 252.)  Thus, section 1942.5 is to be ' "liberally construed to effect its objectives and to suppress, not encourage, the mischief at which it was directed." ' " (*Winslett v. 1811 27th Avenue LLC* (2018) 26 Cal.App.5th 239, 252.)  "By building upon the common law doctrine of retaliatory eviction, the Legislature embraced the high court's recognition of the vital importance of private enforcement in this arena."  (*Id*. at p. 255.)

More generally, it is well recognized that without a " ' "mechanism authorizing the award of attorney fees," ' " private actions to enforce public policies will frequently be impractical. (*Flannery v. Prentice* (2001) 26 Cal.4th 572, 583 [California Fair Employment and Housing Act (FEHA) action].)  As our Supreme Court has explained: "the aim of fee-shifting statutes is 'to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific . . . laws.' "  (*Ibid*.)

The court in *Aweeka*, in first recognizing a retaliatory eviction cause of action, noted that consequential damages might be "nominal."  (*Aweeka*, *supra*, 20 Cal.App.3d at p. 281.)  Punitive damages can help make such a cause of action more viable in some cases, but they are uncertain even if the tenant prevails. Thus, "reasonable" attorney fees are necessary to make private actions feasible under section 1942.5.  Permitting the parties to agree to less than reasonable attorney fees frustrates the Legislature's intent.

Thus, even if, for the sake of argument, we were to conclude section 1942.5 is not specific enough to expressly override the general freedom to contract for attorney fees, we find that the policy of section 1942.5 does so implicitly.

D.  *A Statutory Remedy Protecting a Statutory Right Cannot Be Waived.*

Section 1942.5 expressly provides: "Any waiver by a lessee of the lessee's rights under this section is void as contrary to public policy."  (§ 1942.5, subd. (f).)  Prato contends that attorney fees are a remedy and not a right, and that the distinction between statutory rights and statutory remedies is well established and long recognized.  We do not see how this distinction assists Prato.  As Prato points out, " 'a remedy is the means employed to enforce a right or redress an injury.' " (*Curbelo v. Matson Navigation Co.* (1961) 194 Cal.App.2d 305, 308.)  Retaliatory eviction is a statutory right with statutory remedies.  Permitting tenants to waive (or limit) the remedies would leave no meaningful way for them to enforce the right.  For attorney fees, the remedy is mandatory: the prevailing party "shall" be awarded "reasonable" attorney fees.  (§ 1942.5, subd. (i).)  Thus, at least when a statutory right is enforced by a *mandatory* statutory remedy, a prohibition against waiving the statutory right necessarily includes a prohibition against waiving the mandatory statutory remedy.

Prato also contends that the bar on waivers is not absolute, and that under section 1953, subdivision (b), a waiver is valid if it is included in a lease agreement provided to lessees before they take possession of the premises.  Prato has misread that section.

13

Sections 1953, subdivision (a), 1942.1, 1942.5, and 1954 include express provisions that waivers and/or modifications are void as contrary to public policy.  Section 1953, subdivision (b), provides: "Any provision of a lease or rental agreement of a dwelling by which the lessee agrees to modify or waive a statutory right, where the modification or waiver is not void under subdivision (a) or under [s]ection 1942.1, 1942.5, or 1954, shall be void as contrary to public policy unless the lease or rental agreement is presented to the lessee before he takes actual possession of the premises."  (§ 1953, subd. (b).)  In other words, where a lease agreement includes a waiver provision that is not (already) void under the specified code sections, that waiver provision is (nevertheless) void, unless it is presented to the lessee before possession.  Section 1953, subdivision (b) creates a prohibition against waiver where none already exists; it does not provide an exception to already existing waiver prohibitions found elsewhere in the specified sections.

E.      *Code of Civil Procedure Section 1033 Does Not Apply Where, As Here, There Is an Applicable Mandatory Attorney Fees Provision.*

Prato contends there is, nevertheless, another basis to support the trial court's denial of attorney fees.  In its December 9, 2022, order awarding costs, the court found that Code of Civil Procedure section 1033, subdivision (a) provided "an additional basis to limit costs."  The trial court pointed out that "[u]nder this provision, courts have denied the award of costs, *including attorney fees*, to the prevailing plaintiff when the damage award was less than $25,000 and thus could have been recovered in a court of lesser jurisdiction.  (See *Chavez*[, *supra*,] 47 Cal.4th 970 [at pp.] 987–988; *Steele*[, *supra*,] 59 Cal.App.4th [at p.] 331.)"

14

(Italics added.)  The trial court did not specifically address Code of Civil Procedure section 1033, subdivision (a) in its subsequent February 7, 2023, order on attorney fees, but did state its analysis from the earlier order was incorporated therein. Accordingly, we address the applicability of Code of Civil Procedure section 1033 to this case.

Shen contends Code of Civil Procedure section 1033, subdivision (a) does not apply to mandatory statutory attorney fees provisions.  She points out that both *Chavez* and *Steele* involve attorney fees under FEHA, which are permissive, not mandatory.  She contends a different result is required when attorney fees are mandated by statute.  We agree in part.

We have previously agreed with the Sixth District Court of Appeal's analysis on this issue.  (See *Gramajo v. Joe's Pizza on Sunset, Inc.* (2024) 100 Cal.App.5th 1094, 1105–1108.)  As the Sixth District explained: "In *Chavez,* the California Supreme Court examined the application of [Code of Civil Procedure] section 1033, subdivision (a) to an action brought under the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.), which grants the trial court discretion to award attorney's fees to a prevailing party.  (*Chavez, supra*, 47 Cal.4th at pp. 975–976.)  The [C]ourt in *Chavez* held that by its plain meaning, [Code of Civil Procedure] section 1033, subdivision (a) applies in the FEHA context and gives the trial court discretion to deny attorney's fees to a plaintiff who prevails under FEHA but recovers an amount that could have been recovered in a limited civil case.  (*Chavez,* at p. 976.)  The [C]ourt explained: '[W]e perceive no irreconcilable conflict between [Code of Civil Procedure] section 1033[, subdivision ](a) and the FEHA's attorney fee provision.  In exercising its discretion under [Code of

Civil Procedure] section 1033[, subdivision ](a) to grant or deny litigation costs, including attorney fees, to a plaintiff who has recovered FEHA damages in an amount that could have been recovered in a limited civil case, the trial court must give due consideration to the policies and objectives of the FEHA and determine whether denying attorney fees, in whole or in part, is consistent with those policies and objectives.' (*Chavez*, at p. 986.)" (*Almanor Lakeside Villas Owners Assn. v. Carson* (2016) 246 Cal.App.4th 761, 778 (*Almanor*).)

The *Almanor* court, however, was faced with a different statutory attorney fees provision. As the court explained: "The reasoning of *Chavez* is of limited applicability here. Unlike the fee provision under FEHA, which is discretionary and therefore not irreconcilable with [Code of Civil Procedure] section 1033, subdivision (a), the fee-shifting provision of the Davis–Stirling Act is mandatory. (Civ. Code, § 5975; *Salehi*[ *v. Surfside III Condominium Owners Assn.* (2011)] 200 Cal.App.4th [1146,] 1152.) The circumstances in which a court might deny or reduce a fee award under a permissive statutory provision, like FEHA, such as because special circumstances ' " 'would render such an award unjust,' " ' do not apply equally where a statute mandates attorney's fees to the prevailing party. (*Graciano v. Robinson Ford Sales, Inc.*[ (2006)] 144 Cal.App.4th [140,] 160 [(*Graciano*)] [principles applicable to permissive attorney's fee statutory provisions do not apply to mandatory fee-shifting statutory provisions].)" (*Almanor, supra*, 246 Cal.App.4th at pp. 778–779.)[5]

_____

[5]     We note that even when a statutory attorney fees provision is permissive, *Chavez* requires that a trial court exercising discretion under Code of Civil Procedure section 1033 "must give due consideration to the policies and objectives of the [specific

16

F.    *The Trial Court Retains Discretion to Reduce the Amount of Attorney Fees Awarded Under Section 1942.5.*

The *Almanor* court found that in the absence of specific authority to apply Code of Civil Procedure section 1033 to mandatory fee provisions, the court would not find an abuse of discretion in the trial court's decision not to reduce attorney fees pursuant to Code of Civil Procedure section 1033.  (*Almanor*, *supra*, 246 Cal.App.4th at p. 779.)  We are faced with a different situation: The trial court in this case suggested that it *could* deny attorney fees under Code of Civil Procedure section 1033, subdivision (a).

The trial court did not consider the conflict between Code of Civil Procedure section 1033 and section 1942.5.  We recognize that Code of Civil Procedure section 1033 has a public policy purpose: " 'to discourage plaintiffs from "over filing" their cases' and thereby 'wast[ing] judicial resources.' " (*Carter v. Cohen* (2010) 188 Cal.App.4th 1038, 1053.)  As we have discussed, section 1942.5 also embodies an important public policy, and attorney fees are an important part of enforcing that public policy.  We note that Code of Civil Procedure section 1033's provisions on attorney fees are discretionary while section 1942.5's provision on such fees is mandatory.  This difference is not insignificant.  We find that the approach set out by the

---

attorney fees and cost shifting statute at issue] and determine whether denying attorney fees [pursuant to the discretion granted in Code of Civil Procedure section 1033, subdivision (a)], in whole or in part, is consistent with those policies and objectives." (*Chavez, supra*, 47 Cal.4th at p. 986.)

Fourth District Court of Appeal in *Graciano* appropriately addresses the situation before us.

As the *Graciano* court explained, where "a statutory fee provision *mandates* fees to a prevailing party: Having found a party to be prevailing under such a provision, the court has no discretion to decline to render an award of reasonable attorney fees." (*Graciano*, *supra*, 144 Cal.App.4th at p. 160.)

Here, the trial court never made a reasoned analysis for attorney fees because it relied on the attorney fees cap in the lease agreement. " 'When the record is unclear whether the trial court's award of attorney fees is consistent with the applicable legal principles, we may reverse the award and remand the case to the trial court for further consideration and amplification of its reasoning.' " (*Graciano*, *supra*, 144 Cal.App.4th at pp. 148–149.) We express no opinion on the reasonableness of plaintiff's request for fees and leave to the sound discretion of the trial court the decision of what constitutes a reasonable award.

## DISPOSITION

The order denying attorney fees is reversed and remanded for reconsideration. Respondent to pay costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.                WILEY, J.

18